**ELITE DOOR & TRIM, INC., Appellant,**

v.

**Deidra TAPIA d/b/a Tapia Construction, Appellee.**

No. 05–10–00635–CV.

Court of Appeals of Texas, Dallas.

Aug. 16, 2011.

Catherine Jane Thacker, R. William Wood, Wood, Thacker & Weatherly, Denton, for Appellant.

Deidra Tapia, Euless, pro se.

Before Justices MARTIN RICHTER, LANG, and FILLMORE.

## OPINION

Opinion by Justice FILLMORE.

Elite Door & Trim, Inc. (Elite) appeals the trial court's dismissal of its lawsuit against Deidra Tapia d/b/a Tapia Construction (Tapia).[1] In five issues, Elite asserts the trial court erred by issuing a *sua sponte* order requiring Elite to file an amended petition and to re-serve Tapia, by refusing to hear evidence on a no-answer default judgment, by dismissing Elite's lawsuit against Tapia, and by denying Elite's motion for new trial and to reinstate its lawsuit. We reverse the trial court's judgment and remand this case for further proceedings.

## Background

On February 23, 2009, Elite filed suit against Tapia alleging breach of contract, negligence, and breach of warranty and seeking indemnification, a declaratory judgment, and attorneys' fees. Elite alleged that Preston Hollow Partners, L.P. (PHP) hired Northwest Construction Services, L.P. (Northwest) as a general contractor to construct a "multi-family complex" called The Sorrento. Northwest hired Elite as a subcontractor to perform carpentry work and install interior hardware at The Sorrento. Elite subcontracted a portion of the work that was the subject of the Elite/Northwest contract to Tapia.

PHP subsequently brought an arbitration proceeding against Northwest complaining about the work done by Northwest and its subcontractors at The Sorrento. Northwest joined Elite, among other subcontractors, in the arbitration proceeding asserting the subcontractors were responsible for the allegedly defective, non-compliant, delayed, or incomplete work. Elite filed this suit, contending that Tapia is responsible for any defective construction at The Sorrento that resulted from work performed under the Elite/Tapia contract. Tapia was served with process on February 26, 2009, but failed to file an answer.

The record includes the affidavit of

---

1. Tapia did not appear in the trial court or before this Court on appeal.

Elite's attorney, C. Jane Thacker.[2] According to Thacker, Elite "sent" a partial default judgment on liability to the trial court on October 9, 2009. However, the court coordinator informed Thacker that the trial court would not enter the partial default judgment because Elite had not filed a Soldiers' and Sailors' Affidavit.[3] Two weeks later, Elite filed a Soldiers' and Sailors' Affidavit.

On February 5, 2010, Elite filed a Certificate of Last Known Address, pursuant to rule of civil procedure 239a, and Thacker attended a court-scheduled status conference. In her affidavit, Thacker stated the conference took place in the trial court's chambers and was not transcribed by a court reporter. According to Thacker, during the conference she presented the trial court with a proposed default judgment, advised the trial court that she was prepared to put on evidence of unliquidated damages, and requested a record be made of the proceedings. Thacker stated that the trial court asked whether Thacker was "the contractor [ie Elite representative]." When Thacker indicated that she was Elite's attorney, the trial court responded, "well, then, you do not have personal knowledge of anything." The trial court denied Thacker's request to put on evidence of unliquidated damages.

The trial court signed a preprinted form titled "Order to Amend Petition." On the preprinted order to amend, the trial court marked the following to indicate why the default judgment was returned unsigned:

_X_ Petition does not give fair notice of claim against Defendant;

_X_ Damages cannot be accurately calculated, no written instrument attached to petition;

_X_ No evidence of sale and delivery of merchandise or performance of services;

_X_ No evidence that the amount of the account or price charged is in accordance with an express contract or is usual, customary and reasonable;

_X_ No allegation that the purchase price remains unpaid;

_X_ No evidence of a systematic record kept and supported by an affidavit[.]

The trial court ordered that Elite must "correct the deficiency(ies) listed above no later than thirty days from [February 5, 2010]" and granted an additional thirty days for Tapia to file an answer. The order stated that "should [Elite] fail to amend and serve its amended petition in a timely manner, this case will be dismissed for want of prosecution on or after the 31st day after this Order is signed."

Elite did not amend its petition, re-serve Tapia, or submit additional documentation with respect to damages. On March 17, 2010, the trial court entered a dismissal order indicating neither Elite nor Tapia appeared at a dismissal hearing on March 12, 2010. The marked preprinted dismissal order indicated the case was dismissed for:

(X) Failure to appear for a hearing or trial of which notice was had.

(X) Failure to take action after notice of intent to dismiss for want of prosecution. (IN ACCORDANCE WITH RULE 165A LETTER)

(X) Dismiss for Want of Prosecution.

---

**2.** The affidavit was filed in support of Elite's Motion for New Trial/Motion to Reinstate.

**3.** *See* 50 U.S.C. § 521 (2004) (Soldier' and Sailors' Civil Relief Act of 1940 provides protection to members of armed services from default judgments being taken against them during their service in military).

(X) Failure to follow a Court Order.

(emphasis in original).

Elite filed a motion for new trial and to reinstate the lawsuit. The trial court heard argument on and denied both motions. Elite filed this appeal.

## Dismissal of Lawsuit

In its first, second, fourth, and fifth issues, Elite contends the trial court erred by ordering Elite to amend its petition and re-serve Tapia, by dismissing the lawsuit, and by denying Elite's motion for new trial and to reinstate. The trial court's specific reasons for dismissing Elite's lawsuit were that Elite failed to appear at a hearing of which it had notice, failed to take action after it was notified of the trial court's intent to dismiss the case, failed to prosecute the case, and failed to comply with an order of the trial court.

*Standard of Review and Applicable Law*

■ We review a dismissal for want of prosecution under an abuse of discretion standard. *State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984); *Franklin v. Sherman Indep. Sch. Dist.,* 53 S.W.3d 398, 401 (Tex. App.-Dallas 2001, pet. denied) (per curiam). We employ the same standard in reviewing the denial of a motion to reinstate. *Franklin,* 53 S.W.3d at 401. A trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Franklin,* 53 S.W.3d at 401–02.

■ A trial court is authorized to dismiss a case for want of prosecution by rule of civil procedure 165a and by exercise of its inherent power to manage its docket. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999). A trial court may dismiss a case under rule 165a

on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or when a case is "not disposed of within the time standards promulgated" by the supreme court. TEX.R. CIV. P. 165a(1), (2). *See* TEX.R. JUD. ADMIN. 6, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F.app. (West Supp.2010) (requiring judges to ensure, so far as reasonably possible, that civil nonjury cases are brought to trial or final disposition within twelve months from appearance date, and that civil jury cases are brought to trial or final disposition within eighteen months from appearance date).

■ The trial court also has the inherent power to dismiss, independent of the rules of procedure, when a plaintiff fails to prosecute its case with diligence. *Villarreal,* 994 S.W.2d at 630; *Oliphant Fin., LLC v. Galaviz,* 299 S.W.3d 829, 839 (Tex.App.-Dallas 2009, no pet.). The central issue is whether the plaintiff exercised reasonable diligence. *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex.1997) (per curiam). The trial court generally considers four factors before dismissing a case for want of prosecution: (1) the length of time a case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. *WMC Mortg. Corp. v. Starkey,* 200 S.W.3d 749, 752 (Tex.App.-Dallas 2006, pet. denied); *Bilnoski v. Pizza Inn, Inc.,* 858 S.W.2d 55, 58 (Tex.App.-Houston [14th Dist.] 1993, no writ). No single factor is dispositive. *Starkey,* 200 S.W.3d at 752. We review the entire record and reverse the dismissal order only if the trial court clearly abused its discretion. *Bilnoski,* 858 S.W.2d at 58.

■ Whether a case is dismissed under rule 165a or the trial court's inherent power, the trial court must reinstate the case if it determines the failure of the

party or his attorney "was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX.R. CIV. P. 165a(3), (4). A failure is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex.1995) (per curiam).[4] Proof of accident, mistake, or other reasonable explanation negates the intent or conscious indifference for which reinstatement can be denied. *Id.*

### Dismissal Under Rule 165a

The trial court may dismiss a case under rule 165a based on a party's failure to appear at a hearing or trial of which the party had notice or when a case is not disposed of within the time standards promulgated by the supreme court. TEX.R. CIV. P. 165a(1), (2). The trial court indicated that it was dismissing the case because Elite failed to appear at a hearing of which it had notice and failed to take action "in accordance with rule 165a letter." Although the dismissal order does not identify the hearing at which Elite failed to appear, on this record, it could refer only to the March 12, 2010 dismissal hearing. Elite does not dispute that it failed to appear at the dismissal hearing, but asserts it did not receive notice of the hearing.

Before a trial court may dismiss a suit, it generally is required to afford the parties notice and the opportunity to be heard. *Villarreal*, 994 S.W.2d at 630; *Franklin*, 53 S.W.3d at 402. To ensure that the party's right to due process is preserved, the trial court ordinarily must provide notice of the time, place, and date of an oral hearing on dismissal. *Franklin*, 53 S.W.3d at 401. However, Texas appellate courts, including this Court, have uniformly held that "when the trial court holds a hearing on a motion to reinstate while the court had full control of its judgment, and the dismissed party thereby receives the same hearing with the same burden of proof it would have had before the order of dismissal was signed, no harmful error is shown." *Id.* at 402–03.[5]

The trial court held a hearing on Elite's motion for new trial and to reinstate and Elite had the opportunity to be heard. *See Franklin*, 53 S.W.3d at 403 ("the courts of appeal are in agreement that a post dismissal hearing obviates any due process concerns"); *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 273 (Tex.App.-El Paso 2010, no pet.) ("motion to reinstate with the opportunity for a hearing cures due process violations"). Accordingly, Elite has not shown it was harmed by the trial court's failure to give it an opportunity to be heard prior to the dismissal of the case. *See Franklin*, 53 S.W.3d at 403.

We next consider whether the trial court erred by denying Elite's motion for new trial or to reinstate on the ground that Elite had a reasonable explanation for failing to appear at the dismissal hearing. *See* TEX.R. CIV. P. 165a(3). In Thacker's affidavit attached to Elite's motion for new trial and to reinstate, Thacker stated she was Elite's attorney and that she received no correspondence from the trial court between the February 5, 2010 status conference and the March 18, 2010 order of dismissal. The order to amend entered by

---

**4.** *See also Summons v. Herrington*, No. 05–00–00664–CV, 2001 WL 641997, at *3 (Tex.App.-Dallas June 12, 2001, no pet.) (not designated for publication).

**5.** *See also Clark v. Frantz*, No. 05–05–01517–CV, 2006 WL 3028964, at *2 (Tex.App.-Dallas Oct. 26, 2006, no pet.) (memo. op.).

the trial court at the February 5 status conference does not contain notice of the March 12, 2010 dismissal hearing.

We conclude Elite established its failure to appear at the March 12, 2010 dismissal hearing was not intentional or the result of conscious indifference, but was reasonably explained. Therefore, the trial court erred by denying Elite's motion for new trial or to reinstate on the ground that Elite's failure to appear at the dismissal hearing was due to lack of notice. *See Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex.App.-San Antonio 1996, writ denied) (trial court abused its discretion by denying motion to reinstate after being apprised of inadequate notice).

■ We next turn to whether the trial court properly dismissed the case under rule 165a because the case was not disposed of within the time standards promulgated by the supreme court. The record shows that Elite filed its petition on February 23, 2009 and served Tapia with process on February 26, 2009. On October 9, 2009, Elite sent a proposed default judgment on liability to the trial court. Elite's counsel appeared at a scheduled hearing on December 11, 2009, and was advised the default judgment could not be entered because Elite had not filed a Soldiers' and Sailors' Affidavit with the trial court. On December 17, 2009, Elite filed a Soldiers' and Sailors' Affidavit. Elite's counsel attended a status conference on February 5, 2010 and filed a Certificate of Last Known Address prior to the hearing. At the status conference, Elite's counsel was prepared to offer evidence as to Elite's unliquidated damages. The trial court refused to allow Elite's counsel to offer the evidence and ordered Elite to amend its petition and re-serve Tapia.

On this record, we conclude Elite took action to resolve this case within the time standards set by the supreme court and

attempted to diligently prosecute its case. *See Galaviz*, 299 S.W.3d at 839 (plaintiff diligently prosecuted case by serving defendant and seeking default judgment within time standards set by supreme court). Therefore, the record does not support dismissal pursuant to rule of civil procedure 165a(2).

### Inherent Power

■ The trial also dismissed the case for want of prosecution and because Elite failed to follow an order of the trial court. As set out above, Elite attempted to diligently prosecute its case. Accordingly, the trial court erred by dismissing the case for want of prosecution.

We finally turn to whether the trial court abused its discretion by dismissing Elite's case for failure to comply with a court order. Although the trial court did not specifically identify the referenced order, on this record, it could refer only to the trial court's *sua sponte* order requiring Elite to amend its petition and re-serve Tapia. The trial court ordered Elite to amend its petition because (1) the petition did not provide fair notice of the claim against Tapia, (2) damages could not be accurately calculated because there was no written instrument attached to the petition, (3) there was no evidence of the sale and delivery of merchandise or the performance of services, (4) there was no evidence that the amount of the account or price charged was in accordance with an express contract or is usual, customary and reasonable, (5) there was no allegation the purchase price remained unpaid, and (6) there was no evidence of a systematic record kept and supported by an affidavit. Elite asserts it had good cause for failing to comply with the trial court's order because its petition gave Tapia fair notice of the claims against it and complying with the trial court's order would have required

Elite "to make false statements and include a substantial amount of information not relevant to its case."[6]

A default judgment is properly granted if: (1) the plaintiff files a petition that states a cause of action; (2) the petition invokes the trial court's jurisdiction; (3) the petition gives fair notice to the defendant of the claim asserted; and (4) the petition does not disclose any invalidity of the claim on its face. *Paramount Pipe & Supply Co. v. Muhr,* 749 S.W.2d 491, 494 (Tex.1988); *Galaviz,* 299 S.W.3d 829 at 834. The "fair notice" standard for pleading looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex.2000); *see also* Tex.R. Civ. P. 47(a) (a pleading "shall contain ... a short statement of the cause of action sufficient to give fair notice of the claim involved"); *James v. Comm'n for Lawyer Discipline,* 310 S.W.3d 598, 608 (Tex.App.-Dallas 2010, no pet.). The fair notice pleading standard serves to give the opposing party information sufficient to enable him to prepare a defense. *Auld,* 34 S.W.3d at 897. However, it also relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. *James,* 310 S.W.3d at 608; *Bowen v. Robinson,* 227 S.W.3d 86, 91 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). In determining whether a pleading is adequate, we examine whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy. *James,* 310 S.W.3d at 608; *Bowen,*

227 S.W.3d at 91. When, as here, no special exceptions are filed, we construe pleadings liberally in favor of the pleader. *Auld,* 34 S.W.3d at 897.

Elite pleaded claims against Tapia for breach of contract, negligence, and breach of warranty. The elements of a breach of contract claim are (a) the existence of a valid contract; (b) performance or tendered performance; (c) breach of the contract; and (d) damages resulting from the breach. *Myan Mgmt. Group, L.L.C. v. Adam Sparks Family Revocable Trust,* 292 S.W.3d 750, 754 (Tex.App.-Dallas 2009, no pet.); *see also City of Sherman v. Connor,* 88 Tex. 35, 41, 29 S.W. 1053, 1056 (1895). Elite's petition alleged Elite entered into a contract with Northwest to perform work at The Sorrento. Elite then entered into a subcontract with Tapia for labor to enable Elite to fulfill its contractual obligations to Northwest. Northwest named Elite in an arbitration proceeding and contended Elite failed to properly perform work under the Elite/Northwest contract. Elite alleges in this lawsuit that Tapia agreed to perform work within the scope of the Elite/Northwest contract and breached the Elite/Tapia contract by failing to properly complete the work. Elite also alleges its contract with Tapia required Tapia to name Elite as an additional insured on Tapia's insurance policy and that Tapia breached the contract by failing to do so. Elite sought to recover direct and consequential damages it allegedly suffered from Tapia's breach of contract. Elite's petition alleged (1) the existence of a contract between Elite and Tapia, (2) Elite performed under the con-

---

**6.** Because we conclude Elite's pleadings provided fair notice to Tapia and that the trial court abused its discretion by ordering Elite to amend to include facts or documents that were not relevant to the pleaded claims, we do not reach the issue of whether a trial court can properly *sua sponte* order a party to file an amended pleading. *See Rymer v. Lewis,* 206 S.W.3d 732, 736 (Tex.App.-Dallas 2006, no pet.) (judge should not act as advocate for any party, nor should judge act as any party's adversary).

tract, (3) Tapia breached the contract, and (4) Elite suffered damages. The petition gives fair and adequate notice of the facts upon which Elite bases its breach of contract claim.

The elements of negligence are: (1) a duty; (2) breach of that duty; and (3) damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex.2006) (per curiam); *Paragon Gen. Contractors, Inc. v. Larco Const., Inc.*, 227 S.W.3d 876, 887 (Tex. App.-Dallas 2007, no pet.). Elite's petition alleges that Tapia had a duty to perform its construction work at The Sorrento in accordance with the documents, plans, and specifications agreed to by the parties. Elite asserts Tapia breached its duty by failing to properly perform and that Elite suffered damages that were caused by Tapia's breach. The petition gives fair and adequate notice of the facts upon which Elite bases its negligence claim.

The elements of a claim for breach of warranty for services are: (1) the defendant sold services to the plaintiff; (2) the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, by promise, or by description; (3) the representation became part of the basis of the bargain; (4) the defendant breached the warranty; (5) the plaintiff notified the defendant of the breach; and (6) the plaintiff suffered injury. *Paragon Gen. Contractors, Inc.*, 227 S.W.3d at 886 (citing *Sw. Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 576–77 & n. 3 (Tex.1991) (op. on reh'g)). Elite contends in its petition that Tapia "agreed to promptly make good without cost to the Owner or Contractor any and all defects due to faulty workmanship which may appear within the guarantee of warranty period." Elite alleges that Tapia "impliedly warranted to Elite that the work on the Project would be per-

formed in a good and workmanlike manner." Elite pleaded that it suffered injury due to Tapia's alleged breach of warranty. Elite's petition gives fair and adequate notice of the facts upon which Elite bases its breach of warranty claim.

Elite's petition gave fair notice to Tapia of the pleaded claims of breach of contract, negligence, and breach of warranty. Therefore, the trial court erred by ordering Elite to amend its petition on the ground that it failed to give fair notice of the claims against Tapia.

The trial court also ordered Elite to amend its petition because "damages cannot be accurately calculated, no written instrument attached to petition." Elite sought recovery of unliquidated damages. If damages are unliquidated, the trial court must hear evidence as to damages before a default judgment can be granted. TEX.R. CIV. P. 243; *Galaviz*, 299 S.W.3d at 836. Therefore, the trial court erred by ordering Elite to amend its petition to include a "written instrument" relating to damages.

Finally, the trial court ordered Elite to amend its petition because there is (1) no evidence of sale and delivery of merchandise or performance of services; (2) no evidence that the amount of the account or price charged is in accordance with an express contract or is usual, customary and reasonable; (3) no allegation that the purchase price remains unpaid; and (4) no evidence of a systematic record kept and supported by an affidavit. These are not elements of any of Elite's pleaded claims based on Tapia's work under the Elite/Tapia contract. Accordingly, the trial court erred by ordering Elite to amend its petition to include these allegations.

"The purpose of allowing a trial court to dismiss a suit for want of prosecu-

tion is to provide a penalty when a party seeks to take advantage over its opponent by deliberate neglect and delay and a reluctance to have the merits of the case judged in a trial." *Valence Operating Co. v. Anadarko Petroleum Corp.,* 303 S.W.3d 435, 444 (Tex.App.-Texarkana 2010, no pet.). The record in this case does not reflect that Elite was attempting to gain an advantage over Tapia by delaying the resolution of this case. Rather, Elite attempted to obtain a no-answer default judgment. The trial court denied the request and ordered Elite to amend its petition. Elite was reluctant to amend its pleadings to include allegations that were not necessary to provide fair notice to Tapia of the pleaded claims and, Elite asserts, were not true. We conclude the trial court erred by ordering Elite to amend its petition to include facts and documents that were not relevant to the elements of the pleaded claims, by dismissing the case based on Elite's failure to comply with this order, and by denying Elite's motion for new trial or to reinstate after Elite offered a reasonable explanation for its failure to comply with the trial court's order.

The trial court also ordered Elite to re-serve Tapia. The record reflects that Elite's petition was properly served on Tapia. Although Elite would be required to serve Tapia with a more onerous amended petition before a default judgment would stand, it would not be required to serve new citation. *See In re E.A.,* 287 S.W.3d 1, 4 (Tex.2009). Rather, service under rule of civil procedure 21a would be sufficient. *Id.; see also* TEX.R. CIV. P. 21a. However, because Elite was not required to amend its petition, it was not required to re-serve Tapia. Therefore, we conclude the trial court also erred by ordering Elite to re-serve Tapia, by dismissing this case based on Elite's failure to comply with that order, and by denying Elite's motion for

new trial or to reinstate after Elite offered a reasonable explanation for its failure to comply with the trial court's order.

We sustain Elite's first, second, fourth, and fifth issues.

### Evidence of Damages

In its third issue, Elite contends that the trial court erred by refusing to hear evidence of damages in connection with a no-answer default judgment. Elite did not make an offer of proof as to the evidence it argues the trial court refused to hear. Accordingly, this issue is not preserved for our review. *See Int'l Ass'n for Colon Hydrotherapy v. State,* No. 05–07–01046–CV, 2008 WL 5003457, at *1 (Tex.App.-Dallas Nov. 26, 2008, pet. denied) (memo. op.); *Fin. Ins. Co. v. Ragsdale,* 166 S.W.3d 922, 930 (Tex.App.-El Paso 2005, no pet.). We overrule Elite's third issue.

We reverse the trial court's judgment and remand this case to the trial court for further proceedings.