**Affirm and Opinion Filed April 22, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01229-CV**

**TOMMY HAMILTON, Appellant**
**V.**
**ISABELLA BEZZERRA, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-12635**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Pro se appellant Tommy Hamilton appeals a take-nothing judgment rendered against him. In two issues, Hamilton argues the trial court failed to provide him with notice of the trial date and denied him access to the courts. The background and facts of the case are well known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Hamilton sued Bezzerra for injuries he allegedly suffered as a result of Bezzerra's alleged negligence. The trial court set Hamilton's case for trial on June 27, 2011. When Hamilton failed to appear for trial, the trial court dismissed Hamilton's case and entered a take-nothing judgment in Bezzerra's favor. The trial court indicated it was dismissing the case because Hamilton failed to appear at trial, Hamilton was noticed for trial, Hamilton made no motion for continuance and

did not contact the court, the case had been pending for a couple of years, and Bezzerra appeared for trial.

Hamilton argues the trial court failed to provide him with notice of the trial as required by rule 165a. *See* TEX. R. CIV. P. 165a. On the day of trial, after Hamilton failed to appear, the trial court took sworn testimony from the court coordinator. The court coordinator testified that she sent a letter to Hamilton on February 24, 2011, a copy of the letter was in the trial court's file,[1] she sent the letter to Hamilton's last known address, the letter advised Hamilton of the trial date, and the letter advised Hamilton that he would need to announce his readiness regarding the trial setting.[2] No evidence in the record contradicts the court coordinator's testimony.

Because the evidence shows the trial court provided Hamilton with notice of the trial setting and because Hamilton did not appear at trial, we cannot say the trial court abused its discretion by dismissing the case. *See Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 763 (Tex. App.—Dallas 2011, no pet.); TEX. R. CIV. P. 165a. We overrule Hamilton's first issue.

---

[1] A copy of the letter is not included in our record on appeal.

[2] The court coordinator testified:

> THE COURT: All right. Did you send a notice of this trial setting to Mr. Tommy Hamilton?
>
> THE WITNESS: Yes.
>
> THE COURT: When was that notice sent.
>
> THE WITNESS: February 24, 2011.
>
> THE COURT: Is a copy of that notice in the Court's file?
>
> THE WITNESS: Yes, it is.
>
> THE COURT: And did you send that notice to the last address that you had for Mr. Hamilton?
>
> THE WITNESS: Yes, sir, I did.
>
> THE COURT: And what is that address?
>
> THE WITNESS: It is P.O. Box, 9000 Seagoville, Texas, 75159.
>
> THE COURT: In your trial setting you advised Mr. Hamilton that we were set for trial on July 27th at 9 a.m.; is that correct?
>
> THE WITNESS: No, June 27th.
>
> THE COURT: I'm sorry. June 27th, 2011, 9 a.m.; is that correct?
>
> THE WITNESS: Yes, sir.
>
> THE COURT: In there he was advised that he would need to announce his readiness regarding this trial setting?
>
> THE WITNESS: Yes.

In Hamilton's second issue, he argues the trial court could "have through some type of intervention or by some other effective means provided a way that would have allowed [Hamilton] to have access to the court." Hamilton states he "has made known to the court in many motions and requests that he needs to be bench warranted back for any trial or hearing because he is incarcerated." There is no evidence in the record before us that Hamilton sought a bench warrant from the trial court and the trial court denied that request. Therefore, Hamilton has not preserved this issue for appeal. *See* TEX. R. APP. P. 33.1(a). We overrule Hamilton's second issue.

Having resolved Hamilton's two issues, we affirm the trial court's judgment.

111229F.P05

/Jim Moseley/
JIM MOSELEY
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TOMMY HAMILTON, Appellant

No. 05-11-01229-CV          V.

ISABELLA BEZZERRA, Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-08-12635.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

        In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.
        It is **ORDERED** that appellee ISABELLA BEZZERRA recover her costs of this appeal
from appellant TOMMY HAMILTON.


Judgment entered this 22nd day of April, 2013.


                                        /Jim Moseley/
                                        _____
                                        JIM MOSELEY
                                        JUSTICE

–4–