**REVERSE and RENDER; and Opinion Filed May 22, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00725-CV**

**ELITE DOOR & TRIM, INC., Appellant**

**V.**

**DEIDREE TAPIA D/B/A TAPIA CONSTRUCTION, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-09-01503-A**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Lang-Miers

Appellant Elite Door & Trim, Inc. (Elite) sued appellee Deidree Tapia d/b/a Tapia Construction (Tapia) in connection with Tapia's work on a construction project, asserting multiple causes of action including breach of contract and negligence. Tapia did not answer and Elite sought a default judgment. The trial court heard evidence of Elite's damages and signed a take-nothing judgment against Elite. On appeal Elite argues that (1) the trial court wrongly concluded that the evidence was insufficient to support certain elements of Elite's claims, (2) the trial court's take-nothing judgment was erroneous, and (3) the trial judge should be ordered to pay $15,000 for Elite's attorneys' fees. We sustain Elite's first two issues and reverse and render judgment in favor of Elite.

BACKGROUND

This case has a long history involving multiple appellate proceedings before this Court. The underlying factual and procedural backgrounds are explained in detail in our opinion in the prior appeal, *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757 (Tex. App.—Dallas 2011, no pet.), and our opinion in a prior mandamus proceeding, *In re Elite Door & Trim, Inc.*, 362 S.W.3d 199 (Tex. App.—Dallas 2012, orig. proceeding), and we do not recount them here.

After this Court's most recent remand the trial court conducted a hearing at which Elite's president, Wayne Beeler, testified.[1] According to Beeler, Elite was hired by a general contractor for $275,000 to install doors, trim, and hardware in a new condominium complex. Elite subcontracted part of the labor to Tapia for approximately $50,000. At some point the owner of the condominium complex initiated an arbitration proceeding against the general contractor, and the general contractor joined several subcontractors, including Elite, as defendants in the arbitration. In the arbitration the condominium owner and the general contractor sought $1 million in damages from Elite, and Elite counterclaimed against the general contractor for $96,141 due and owing under the terms of Elite's subcontract. The arbitration was later resolved by agreement. As part of the settlement Elite's insurance carrier agreed to pay $45,000 to the condominium owner to settle the claims against Elite, and the general contractor agreed to pay $10,000 to settle Elite's counterclaim.

According to Beeler, Tapia's installation work was the source of the complaint against Elite in the arbitration and the reason that the general contractor did not pay Elite the full price of its contract. Beeler testified that Elite's damages were $86,141 because that is the amount of

---

[1] In its findings of fact and conclusions of law the trial court stated that "the purpose of this hearing was somewhat unclear" because in our opinion in *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757 (Tex. App.—Dallas 2011, no pet.), this Court "**overruled** Elite's contention that the trial court erred by refusing to hear evidence of damages." In the prior opinion we concluded that the issue of whether the trial court erred by refusing to hear evidence of damages was not preserved for review in the prior appeal because Elite did not make an offer of proof. *Id.* at 768. We did not conclude that the trial court was correct when it refused to hear evidence of damages.

Elite's counterclaim against the general contractor that remained unpaid after the arbitration settlement. Beeler and his counsel also testified that Elite incurred approximately $32,200 in reasonable and necessary attorneys' fees because Elite had to hire counsel when it was named in an arbitration that arose from Tapia's defective work, and because Elite had to hire counsel to pursue claims against Tapia. Elite's counsel also testified that based on a rate of six percent, $12,049.74 is the appropriate amount of prejudgment interest in this case. Tapia did not appear at the hearing.

After the hearing the trial court rendered a take-nothing judgment against Elite in which it stated, among other things, that the evidence was insufficient to support various elements of Elite's causes of action. The trial court also issued findings of fact and conclusions of law. Among other things, the trial court essentially found that Elite did not present competent evidence of its damages and was not entitled to attorneys' fees.

Elite timely filed its notice of appeal. Tapia did not file a brief in this appeal.

ANALYSIS

**First Issue: The Trial Court's Liability Findings**

In its first issue Elite argues that the trial court erred as a matter of law when it included 13 separate findings in its final judgment indicating that Elite failed to prove liability because it failed to prove various non-damages elements of its claims against Tapia, including breach of contract, negligence, and breach of warranty.[2] Elite argues that because Tapia did not file an answer the findings are erroneous and that the only relevant issue was the amount of Elite's unliquidated damages. We agree with Elite.

The findings at issue are erroneous as a matter of law because they address the elements of Elite's claims that were admitted by Tapia by default. In the case of a no-answer default, a

---

[2] We note that the findings as to Tapia's liability were erroneously included in the trial court's judgment. *See* TEX. R. CIV. P. 299a ("Findings of fact shall not be recited in a judgment.").

–3–

defendant's liability is conclusively established for all causes of action pleaded and all allegations are deemed admitted except the amount of unliquidated damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). In this case we have already concluded in our prior opinion that Elite's petition gave fair notice of the claims against Tapia. *Elite Door & Trim*, 355 S.W.3d at 767–78. As a result, the only remaining issue was Elite's unliquidated damages and the trial court erred as a matter of law when it issued findings that Elite failed to prove liability. We resolve Elite's first issue in its favor.

### Second Issue: The Trial Court's Take-Nothing Judgment

In its second issue Elite argues that the trial court's take-nothing judgment against Elite was erroneous because the evidence supported its claim for $86,141 in damages, $32,273.75 in attorneys' fees, and $12,049.74 in prejudgment interest. We agree with Elite.

To support its motion for default judgment Elite was required to prove its claim for unliquidated damages with competent evidence. *McCoy v. Waller Group, LLC*, No. 05-10-01479-CV, 2012 WL 1470147, at *1 (Tex. App.—Dallas Apr. 26, 2012, no pet.) (mem. op.); *see also* TEX. R. CIV. P. 243 (trial court is required to hear evidence of plaintiff's unliquidated damages). "For an unliquidated claim where liability is established, evidence of the total amount due is sufficient to support an award of damages[.]" *Collins Fin. Servs. v. Guerrero*, No. 05-07-01732-CV, 2009 WL 3032479, at *2 (Tex. App.—Dallas Sept. 24, 2009, pet. denied) (mem. op.) (citing *Tex. Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 517 (Tex. 1999)). In this case Beeler testified that Elite's damages were $86,141, and he provided the basis for calculating that amount. Elite's counsel testified Elite incurred a total of $32,273.75 in reasonable and necessary attorneys' fees and court costs in the various phases of arbitration and litigation, detailing hourly rates of those who performed work on the case. Elite's counsel also testified to the sum of $12,049.74 in prejudgment interest at a rate of six percent. As a result, we conclude that the

evidence was sufficient to support a default judgment in Elite's favor and that the trial court erred when it rendered a take-nothing judgment against Elite. We sustain Elite's second issue.

**Third Issue: Elite's Request for Attorney's Fees as Sanction**

In its third issue Elite argues that the trial judge should be ordered to pay $15,000 for Elite's attorneys' fees because "[i]t has taken years of work and multiple mandamuses and appeals to obtain a no-answer default judgment." We disagree. To support its claim Elite primarily relies upon *Pulliam v. Allen*, 466 U.S. 522 (1984), a case that was later abrogated by statute. *See, e.g.*, *Peters v. Noonan*, 871 F. Supp. 2d 218, 226 (W.D.N.Y. 2012) (explaining that *Pulliam* was decided before § 1983 was amended to essentially preclude injunctive relief against a judge for an act or omission taken in the judge's official capacity absent certain extraordinary circumstances). We overrule Elite's third issue.

CONCLUSION

We resolve Elite's first and second issues in its favor. We resolve Elite's third issue against it. We reverse the trial court's judgment and render judgment in favor of Elite for $86,141 in damages, $32,273.75 in attorneys' fees and court costs, and $12,049.74 in prejudgment interest.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

120725F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELITE DOOR & TRIM, INC., Appellant

No. 05-12-00725-CV          V.

DEIDREE TAPIA D/B/A TAPIA
CONSTRUCTION, Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-09-01503-A.
Opinion delivered by Justice Lang-Miers.
Justices Murphy and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

appellant Elite Door & Trim, Inc. recover from appellee Deidree Tapia d/b/a Tapia Construction $86,141 in damages, $32,273.75 in attorneys' fees and court costs, and $12.049.74 in prejudgment interest.

It is **ORDERED** that appellant Elite Door & Trim, Inc. recover its costs of this appeal from appellee Deidree Tapia d/b/a Tapia Construction.

Judgment entered this 22nd day of May, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE