**Reverse and Remand in part; Affirm in part; Opinion Filed April 30, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00921-CV

**JUAN SUAREZ, JR., Appellant**
**V.**
**SUSANA FERNANDEZ AND JULIAN OCHOA, Appellees**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-09749**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

This is a restricted appeal from a no-answer default judgment. In seven issues, appellant Juan Suarez, Jr. generally complains the trial court erred in granting the default judgment because (1) appellees Susana Fernandez and Julian Ochoa did not plead a viable cause of action against him, (2) the petition reveals the invalidity of appellees' claim, (3) there was legally insufficient evidence to support the default judgment, and (4) the trial court's actual and exemplary damages awards were improper for multiple reasons. Appellees concede error with respect to the exemplary damage award. For the reasons set forth below, we affirm in part and reverse in part the trial court's judgment.

## BACKGROUND

Appellees sued Suarez for fraud asserting he and others "combined, colluded, and conspired" to use Fernandez's identity and social security number to obtain a merchant's account with a bank to process credit card payments for goods sold by El Hoyo, Inc., a corporation formed to operate El Hoyo restaurant.[1] Appellees alleged Suarez, the registered agent and accountant of the corporation, along with Bravo and Montoya, retained the proceeds of the restaurant's credit card sales causing appellees to incur an outstanding personal tax liability of over $100,000. Suarez did not file an answer. Appellees moved for default judgment.

On March 23, 2018, the trial court held a hearing requiring appellees to prove up their unliquidated damages. *See* TEX. R. CIV. P. 243 (court shall hear evidence on unliquidated damages). At the hearing, Fernandez testified that she, her husband Ochoa, and others formed El Hoyo, Inc. to operate a restaurant by the same name. Suarez was the registered agent, accountant, and business manager of the corporation. The restaurant operated from 2008 through 2015. During an IRS audit in 2015, Fernandez learned she had an outstanding tax liability of $105,397 from credit card income for food and drinks at El Hoyo restaurant because the credit card payments were being processed through the bank under her name and social security number. Suarez had represented to her that El Hoyo, Inc. had obtained a taxpayer ID and processing machine. Fernandez indicated that before 2015 she did not know they were processing the credit cards under her name instead of the corporation's name. Fernandez confronted Bravo and Montoya who told her to see Suarez. She attempted several times to see Suarez, but he completely avoided her. She denied giving Bravo, Montoya, or Suarez permission to use her name and social security number to process merchants' accounts. Fernandez requested the Court to award her actual damages in the amount of $105,397, representing the amount in taxes the IRS claims she owes. She also

---

[1] The corporation was formed by appellees, Francisco Bravo, and Rogelio Montoya.

–2–

indicated misrepresentations were made by Suarez, Bravo, and Montoya about how food and drink processing was done through El Hoyo, Inc., when in fact it was being done through her name and social security number. Fernandez requested exemplary damages but left the amount to be awarded up to the trial judge.

At the conclusion of the hearing the trial court rendered a judgment in appellees' favor and against all defendants jointly and severally for $105,397 in actual damages and $400,000 in exemplary damages. Suarez timely filed this restricted appeal.

### ANALYSIS

To succeed in a restricted appeal, Suarez must establish: (1) he filed a notice of appeal within six months after the default judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing resulting in the default judgment; and (4) error is apparent on the face of the record. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). The only element at issue here is whether there is error on the face of the record. In determining that issue, we are limited to considering only the face of the record, which consists of all papers on file in the appeal, including the reporter's record. *See Norman Commc'ns v. Tex. Eastman Co*., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). But our scope of review is otherwise the same as that in an ordinary appeal; we review the entire case. *See id.*

In his first and second issues, Suarez asserts the trial court's default judgment is improper because appellees' pleadings (1) failed to plead sufficient facts to constitute a cause of action for fraud against him and (2) discloses the invalidity of appellees' claim. We disagree. A default judgment is proper where the plaintiff's petition states a cause of action, invokes the trial court's jurisdiction, gives fair notice of the claim asserted, and does not disclose any invalidity of the claim on its face. *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.—Dallas 2011, no pet.) (citing *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988)).

–3–

In determining whether a pleading provides fair notice, we must assess whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant to enable the opposing party to prepare a defense. *See id*. at 766. Where, as here, no special exceptions are filed, we liberally construe the pleadings in favor of the pleader. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). That an element of a claim has been omitted is not dispositive. *See Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993). The fair notice standard "relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity." *Tapia*, 355 S.W.3d at 766.

The elements of common law fraud are "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 963 (Tex. App.—Dallas 2013, no pet.) (quoting *Aquaplex, Inc., Rancho La Valencia, Inc*., 297 S.W.3d 768, 774 (Tex. 2009) (per curiam)).

Appellees pleaded a fraud claim against Suarez. In their petition under the section entitled "Facts," appellees alleged they formed El Hoyo, Inc. to operate a restaurant. Appellees identified Suarez as El Hoyo, Inc.'s registered agent and accountant. When appellees confronted Bravo and Montoya about their outstanding personal tax liability for credit card payments for food and drinks at the restaurant, they told Fernandez to speak with Suarez. Fernandez attempted to confront Suarez, but he avoided all contact and communication with her.

Under "Count 1: Fraud," appellees further alleged:

Defendants fraudulently combined, colluded, and conspired to use Fernandez's identity and social security number to obtain a merchant's account with a bank to process credit card payment for goods sold by El Hoyo restaurant, retain the

–4–

proceeds without paying the income tax thereon, and make plaintiffs personally liable for such taxes.

Defendants' action have injured and damaged plaintiffs in an amount in excess of the minimum jurisdictional limits of this court.

Liberally construing the allegations as we must, we conclude the pleadings provide fair notice of a fraud cause of action against Suarez.

Suarez also asserts that appellees "disproved their own cause of action by alleging he completely avoided Fernandez" and that "federal banking regulations disprove appellees' cause of action." To negate a default judgment based on a lack of merit on the face of the pleadings, the petition itself must disclose the invalidity of the claim. *See Tapia*, 355 S.W.3d at 766. Here, the face of appellees' pleadings do not invalidate the claim; instead, it is Suarez's appellate briefing that suggests the claim lacks merit. We resolve Suarez's first and second issues against him.

In his third issue, Suarez challenges the legal sufficiency of the evidence to support the trial court's judgment. Specifically, he first asserts there is no evidence to prove a causal connection between his alleged liability and appellees' injuries. Where a specific attack is made on the sufficiency of the evidence to support the trial court's determination of damages in a default judgment, we review the evidence produced. *See Dawson v. Briggs*, 107 S.W.3d 739, 748 (Tex. App.—Fort Worth 2003, no pet.).

In a legal sufficiency review, we view the evidence in the light most favorable to the judgment and indulge every reasonable inference to support it, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807, 820–21 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). The entry of a default judgment operates as an admission of all allegations of fact set out in a plaintiff's petition

–5–

except as to unliquidated damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). But the plaintiff must prove the amount of actual damages and prove that the event sued upon caused the damages. *See Morgan v. Compugraphic Corp*., 675 S.W.2d 729, 732 (Tex. 1984).

Fernandez was the sole witness at the default prove-up hearing. She testified that she, her husband, Bravo, and Montoya formed El Hoyo, Inc., to operate a restaurant called "El Hoyo." Suarez was the registered agent, accountant, and business manager. Suarez represented to Fernandez that El Hoyo, Inc. had obtained a taxpayer ID number and a processing machine. In 2015, however, Fernandez learned during an IRS audit that she had an outstanding personal tax liability of $105,397 due to credit card income for food and drinks at the restaurant. The IRS indicated that all of the credit card payments were being processed through the bank under her name and social security number. Prior to 2015, Fernandez had no idea these credit card payments were being processed under her name instead of through the corporation. When Fernandez confronted Bravo and Montoya, they said they did not know anything and told her to see Suarez. Although she attempted to see Suarez several times, he completely avoided her. She indicated the $105,397 the IRS claims she owes for credit card payments to the restaurant was the result of misrepresentations made by Suarez, Bravo, and Montoya to her about how food and drink processing was to be done through El Hoyo, Inc. Instead, it was done through her name and social security number without her permission. She indicated she never gave Bravo, Montoya, or Suarez permission to use her name and social security number to process a merchant's account. Fernandez testified that Suarez made representations that the restaurant's food and drink credit card payments would be processed through the corporation's merchant account. However, the IRS informed her the payments were processed through her name and social security number resulting in a $105,397 personal tax liability. Based on the evidence before us, we conclude the evidence was legally sufficient to support the trial court's actual damage award.

Suarez also argues appellees presented no evidence to support the award of exemplary damages. Section 41.003 of the civil practice and remedies code provides, "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud, (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a). "'Clear and convincing' means the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the truth of the allegations sought to be established." *Id*. § 41.001(2). We have already concluded that the evidence was sufficient to establish a cause of action for fraud against Suarez that caused Fernandez to incur an outstanding personal tax liability of $105,397. This evidence along with the pleadings' factual allegation that were deemed conclusively proved by Suarez's failure to answer, proved appellees' harm resulted from Suarez's fraud by clear and convincing evidence.

In his fifth issue, Suarez complains that the trial court improperly awarded exemplary damages against all of the defendants jointly and severally. Section 41.006 of the civil practice and remedies code provides that "[i]n any action in which there are two or more defendants, an award of exemplary damages must be specific as to a defendant, and each defendant is liable only for the amount of the award made against that defendant. *Id*. § 41.006. Appellees concede that the supreme court cases of *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 667 (Tex. 2008) and *Horizon Health Corp. v. Acadia Healthcare Co*., 520 S.W.3d 848, 874 (Tex. 2017) compel the conclusion that the trial court's joint and several exemplary damage award is improper. We agree that the award for exemplary damages is improper. We therefore resolve Suarez's fifth

issue in his favor. Our resolution of this issue makes it unnecessary to address Suarez's fourth[2], and seventh[3] issues.

In his sixth issue, Suarez complains about the amount of the trial court's exemplary damages award. He asserts the amount awarded by the trial court exceeded the amount under section 41.0008 of the civil practice and remedies code. We agree. Section 41.008 limits an award of exemplary damages (unless certain criminal conduct was involved) to the greater of:

(1)(A) two times the amount of economic damages; plus

   (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or

(2) $200,000.

TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b). Appellees concede section 41.008 would limit the maximum recovery of exemplary damages to $210,794. Accordingly, we resolve this issue in Suarez's favor.

## CONCLUSION

We reverse the trial court's award of $400,000 for exemplary damages and remand the cause to the trial court for determination of the amount of exemplary damages, if any, to award appellees. In all other respects we affirm the trial court's judgment.

180921F.P05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

---

[2] In his fourth issue, Suarez contends the judgment improperly awards damages that exceed the damages pleaded by appellees. Under their claim for relief, appellees affirmatively pleaded that they sought monetary damages over $100,000 but not more than $200,000. In light of our reversal of the trial court's exemplary award, we need not address this issue.

[3] In his seventh issue, Suarez asserts the trial court erred in including attorney's fees as part of the of the $400,000 exemplary damages award. We first note that, on its face, the default judgment does not award attorney's fees. Moreover, to the extent Suarez argues the attorney's fees are included in the exemplary damage award, we have already concluded that award must be reversed. Accordingly, there is no need to further address this issue.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JUAN SUAREZ, JR., Appellant

No. 05-18-00921-CV      V.

SUSANA FERNANDEZ AND JULIAN OCHOA, Appellees

On Appeal from the 95th District Court, Dallas County, Texas
Trial Court Cause No. DC-17-09749.
Opinion delivered by Justice Partida-Kipness, Justices Whitehill and Pedersen, III participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's award of $400,000 for exemplary damages and **REMAND** the cause to the trial court for determination of the amount of exemplary damages, if any, to award against Juan Suarez, Jr. In all other respects, we **AFFIRM** the trial court's judgment.

It is **ORDERED** that each party bear their own costs of this appeal.

Judgment entered this 30th day of April, 2019.