**Affirm and Opinion Filed January 11, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00535-CV**

**SAUL POSADA, Appellant**
**V.**
**MATHIS PERKINS AND ASLEE PERKINS, Appellees**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-19018**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Pedersen, III

This is an appeal from the trial court's judgment granting a default judgment in favor of appellees, Mathis and Aslee Perkins, and against appellant, Saul Posada. In three issues, Posada contends the trial court erred by granting the default judgment, awarding attorney's fees to appellees, and denying Posada's Motion to Set Aside Default Judgment. We affirm the trial court's judgment.

### Background

Appellees filed this in rem suit seeking clarification of ownership of a piece of real property. Appellees' original petition alleged that they held record title to the property and had resided there and maintained exclusive possession of the property

since 1986. Appellees urged their claims under theories of trespass to try title, a suit to quiet title, and adverse possession. They sought judgment for both title to and possession of the property.[1]

Posada was served but failed to answer the lawsuit, and appellees moved for default judgment. The motion included Mathis Perkins's affidavit, which set forth the legal description of the property and identified the warranty deed granting the property to "Mathis Perkins, Jr., *et ux*." Perkins then testified as follows:

> I hereby swear and affirm that I have continuously and adversely possessed the above described property since 1992 to the exclusion of all others. My claim is based upon my actual and visible appropriation and possession of the Property. My claim was hostile because I erected improvements on the property without permission. If the owner had simply driven by the property, they could have seen the improvements.
>
> Specifically, in 1986 I build a storage shed on the Property. In 1985 I built a dog kennel on the property. From 1985 to present, I have kept cut by Green Oasis Lawn Care, cleared fence line of growth, watered it, and replaced eroded soil on the Property. I have also used the property for entertaining guests and family since 1985 to present. For the past 15 years, since 2004, I have place seasonal decorations on the lawn of the property.
>
> I have been taking care of the property since 1985 as well, making sure the property was in compliance with the city code. I have removed litter from it on a regular basis, in addition to maintaining the lawn. I have seeded the lawn multiple times, cleared trees damaged by storms and paid for landscaping. My possession has been, open and notorious, and peaceable. Also, I intend to continue to enjoy and make further improvements. I have used, to exclusion of all others, this lot for over 30 years.

---

[1] Appellees filed an amended petition prior to resolution of their motion for default judgment, but Posada does not complain of that filing. The amended petition did not change appellees' theories of recovery or request for relief.

The motion for default judgment also attached an affidavit from Posada's attorney, supporting what he testified were reasonable and necessary attorney's fees.

The trial court granted appellees' motion and signed a judgment that included findings of fact and conclusions of law. The judgment concluded that appellees owned the property in fee simple and were entitled to peaceful possession of the property; Posada was enjoined from claiming any interest in it. The court awarded attorney's fees of $2500.

Posada filed a motion to set aside the default judgment and obtain a new trial. His motion attached his own affidavit, which recited that he was competent to make the affidavit and that the facts therein were true and within his personal knowledge. Then Posada asserted a single sentence: "My failure to file an answer before the judgement was a result of a mistake, rather than intentional or conscious indifference." The record indicates this motion was set for hearing, but we have no reporter's record of a hearing. Posada states that the trial judge orally denied the motion at the hearing.

This appeal followed. Posada raises three issues in his brief; appellees did not file a brief.

### Discussion

We address Posada's three issues in turn.

*The Default Judgment*

In his first issue, Posada argues the trial court erred in granting the default judgment when it was supported by no or insufficient evidence. Posada specifically challenges the sufficiency of the evidence supporting (a) appellees' "unliquidated damages" and (b) a causal connection between his own conduct and those damages. In a challenge to legal sufficiency of the evidence we consider the evidence in the light most favorable to the judgment. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). We ask whether the evidence at trial—crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not—would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In considering a challenge to the factual sufficiency of the evidence, we review the entire record and may set aside the verdict only if it is against the great weight and preponderance of the evidence. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

Posada contends that the damages appellees pleaded are unliquidated and are not proved by a written instrument. Appellees did not seek money damages in this case; their petition sought judgment for title to, and possession of, real property. Their pleading set forth the legal description of that real property and alleged appellees' right to the property based upon a warranty deed in a regular chain of title, i.e., a written instrument. Appellees also pleaded their right to the property based on

adverse possession, and the affidavit of appellee Mathis Perkins presents evidence of his sole, visible, and hostile possession of the property since 1992.[2] We conclude that appellees pleaded their "damages" sufficiently and offered sufficient evidence of the nature and identity of the property and their claim to it. Posada offered no evidence controverting either appellees' pleading or their proof.

As to causation, appellees pleaded that they have record title to the property but that Posada's "claimed interest in trust is a cloud on title that is disturbing [their] lawful possession." Thus, Posada's claim to the property, which is not supported by any pleading or evidence in the record, did underlie appellees' suit seeking clarity in ownership of the real estate. Moreover, Posada argues that the "lone factual allegation" against him is that "he did not respond to [appellees'] activities" at the property. In support of his adverse possession claim, Mathis testified that he openly possessed and maintained the property for more than thirty years. He described his erection of a number of visible improvements to the property without permission, supporting his contention that his possession was hostile to any "owner," who would have seen the unauthorized improvements if he had simply driven by the property. Thus, the "lone factual allegation"—that Posada did nothing in response to appellees' possession—actually underscores appellees' proof. We conclude that, to

---

[2] Posada does not challenge appellees' proof of the elements of adverse possession of the property.

the extent pleading and proof of causation were necessary in this in rem action, appellees sufficiently carried that burden.

Whether we consider the evidence in the light most favorable to the judgment or in a neutral light, the evidence was sufficient to support the trial court's default judgment. We overrule Posada's first issue.

*Proof of Attorney's Fees*

In his second issue, Posada contends that the judgment is improper because it includes an award of attorney's fees, but counsel for appellees did not testify in person concerning those fees. The Texas Supreme Court has instructed that an attorney's affidavit may be considered by the trial court as evidence of unliquidated damages in a default judgment. *Tex. Commerce Bank, Nat. Ass'n v. New*, 3 S.W.3d 515, 517–18 (Tex. 1999). Thus, appellees' evidence of attorney's fees was submitted in a proper form for the trial court's consideration. Moreover, the substance of the affidavit was legally sufficient to prove the trial court's award in this case because— along with the attorney's recitation of his legal qualifications and experience—the affidavit attached a printout reporting his work done on the case, the time he spent, and the hourly rate charged. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019) (requiring those measures of proof to establish that fees are reasonable and necessary for legal representation).

We overrule Posada's second issue.

*Motion to Set Aside Default Judgment*

In his third issue, Posada argues the trial court improperly applied the standard found in *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939). *Craddock* directs a trial court to set aside a default judgment and grant a new trial if (1) the failure to appear before judgment was due to a mistake or an accident and was not intentional or the result of conscious indifference, (2) the motion for new trial sets up a meritorious defense, and (3) the motion is filed at a time when its granting will not cause delay or injury to the plaintiff. *Id.* at 126. We review the trial court's ruling on a motion for new trial for an abuse of discretion. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam).

As we discussed above, Posada's affidavit asserts a single substantive sentence: "My failure to file an answer before the judgement was a result of a mistake, rather than intentional or conscious indifference." We look to the knowledge and acts of the defendant to determine whether he satisfied his burden on the first *Craddock* element. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 309 (Tex. 2012). But Posada's affidavit does not explain his knowledge or acts. Indeed, it does not identify what the mistake was or who made it. Although Texas courts apply the first element of the *Craddock* test liberally, *Employers Ins. of Wausau v. Halton*, 792 S.W.2d 462, 466 (Tex. App.—Dallas 1990, writ denied), it is the defendant's burden to offer factual assertions, that—if true—negate intentional or consciously indifferent conduct on his part, *In re R.R.*, 209 S.W.3d

–7–

112, 115 (Tex. 2006). Posada cites no authority permitting the defendant's unsupported statement that his failure to answer was a mistake to satisfy *Craddock*'s first element.

However, we need not draw a conclusion on the first *Craddock* element because Posada has unquestionably failed to satisfy that case's second element, setting up a "meritorious defense." *Craddock*, 133 S.W.2d at 126. A motion sets up a meritorious defense if it alleges facts that "in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Lerma*, 288 S.W.3d at 928 (citing *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)). Posada's affidavit does not address this requirement of a meritorious defense; indeed, it does not assert any facts other than the above-quoted statement that the failure to answer was a mistake. Nevertheless, his motion purports to identify three bases to satisfy the requirement of a meritorious defense. First, he asserts that he has filed a general denial. That pleading would have put appellees to their proof, but it does not—standing alone— constitute a legal defense to their pleaded allegations. *See Ivy*, 407 S.W.2d at 214 (defendant must allege facts supported by evidence). Second, Posada contends that appellees "have failed to allege that all conditions precedent to recovery under the named policy have been met." The record before us does not identify any "policy" at issue in this case. And finally, the motion states that Posada "has a motion for

special exceptions regarding Plaintiffs' Original Petition," but no such motion is attached or was filed of record in the case below.

*Craddock*'s requirement that the defaulting defendant set up a meritorious defense is not satisfied by a defendant's mere allegation that he has such a defense. *Id.* ("This does not mean that the motion should be granted if it merely alleges that the defendant 'has a meritorious defense.'"). Posada has failed to assert and support by evidence any facts that would constitute a legal defense to appellees pleaded claims. He has failed, therefore, to establish a right to new trial.[3]

We overrule Posada's third issue.

## Conclusion

We affirm the trial court's judgment.

200535f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

[3] We note that Posada's motion urged a second ground to set aside the default judgment, alleging that:

> The Court should grant a new trial because Plaintiffs' petition does not give fair notice of the claim asserted. As alleged, Defendant Saul R. Posada is forced to defend claims against unknown defendants and/or individuals.

Posada has not specifically raised this complaint on appeal, but in an abundance of caution we address the issue. The "fair notice" standard for pleading requires an opposing party to ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.—Dallas 2011, no pet.). We conclude that appellees' petition sufficiently set forth their three theories of recovery:  trespass to try title, suit to quiet title, and adverse possession. The petition gave no indication any other party might press a claim against Posada, and the trial court's judgment is limited to the named plaintiffs. We conclude that the petition gave fair notice to Posada.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SAUL POSADA, Appellant

No. 05-20-00535-CV     V.

MATHIS PERKINS AND ASLEE
PERKINS, Appellees

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-19-19018.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Mathis Perkins and Aslee Perkins recover their costs of this appeal from appellant Saul Posada.

Judgment entered this 11th day of January, 2022.