### In re ELITE DOOR & TRIM, INC., Relator.

No. 05–12–00170–CV.

Court of Appeals of Texas, Dallas.

Feb. 27, 2012.

Catherine Jane Thacker, Wood, Thacker & Weatherly, Denton, TX, for Relator.

Deidree Tapia, Euless, TX, for Real Party in Interest.

Before Justices O'NEILL, FRANCIS, and MURPHY.

## OPINION

Opinion by Justice MURPHY.

Relator filed this mandamus proceeding because the trial court refused to hear its request for default judgment in accordance with this Court's prior opinion and mandate. *See Elite Door & Trim, Inc. v. Tapia,* 355 S.W.3d 757 (Tex.App.-Dallas 2011, no pet.) (*"Elite Door & Trim I"*). By order dated February 14, 2012, this Court requested that respondent, the Honorable D'Metria Benson, respond to relator's petition for writ of mandamus by February 24, 2012. Respondent filed a response on February 23, 2012, in which she stated that "[i]n the course of re-reviewing the file for the evaluation of the issuance of a pre-answer default judgment it became apparent that the Citation and Return were defective." Respondent then stated she therefore had no jurisdiction and, with no further proceeding, dismissed the case for want of jurisdiction on February 16, 2012.

■ To obtain mandamus relief, relator must show both that the trial court abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relator clearly has met that burden.

■ A mandate formally commands a lower court to obey a higher court's judgment. *See* TEX. R. APP. P. 51.1(b). "Upon receipt of the mandate, the trial court has no discretion to review, interpret, or en-

force the mandate." *In re Assurances Generales Banque Nationale,* 334 S.W.3d 323, 325 (Tex.App.-Dallas 2010, orig. proceeding); *see also Tex. Parks & Wildlife Dep't v. Dearing,* 240 S.W.3d 330, 347 (Tex.App.-Austin 2007, pet. denied) (mandate is formal command requiring lower court to comply with appellate court judgment). On remand, the trial court's jurisdiction is limited to the issues specified in the mandate and the scope of the mandate is determined by referring to both the court of appeals's opinion and the mandate itself. *See Cessna Aircraft Co. v. Aircraft Network, LLC,* 345 S.W.3d 139, 144 (Tex. App.-Dallas 2011, no pet.). When the trial court fails to follow the court of appeals's mandate, either a writ of prohibition or a writ of mandamus is appropriate to ensure compliance with the prior judgment. *See Lee v. Downey,* 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding); *see also In re Columbia Med. Ctr. of Las Colinas,* 306 S.W.3d 246, 247–48 (Tex.2010) (orig. proceeding) (per curiam).

■ In *Elite Door & Trim I,* this Court reviewed the citation, the petition, and the return of citation and concluded relator's "petition was properly served" and that relator's petition gave fair notice of the pleaded claims. *Elite Door & Trim I,* 355 S.W.3d at 767–68. We reversed the trial court's dismissal of relator's petition and remanded the case to the trial court for further proceedings. *Id.* at 768. The Court's mandate issued October 31, 2011 and commanded respondent to observe this Court's order and have it duly obeyed and executed.

■■ A defendant's liability in a no-answer default case is conclusively established for all causes of action pleaded and all allegations of fact are deemed admitted except as to the amount of unliquidated damages. *Dolgencorp of Tex., Inc. v. Lerma,* 288 S.W.3d 922, 930 (Tex.2009) (per curiam). A plaintiff must prove its claim for unliquidated damages with competent evidence that is consistent with the cause of action pleaded. *See Jones v. Andrews,* 873 S.W.2d 102, 107 (Tex.App.-Dallas 1994, no writ). The trial court also is required to "hear evidence as to damages." Tex.R. Civ. P. 243.

We did not direct the respondent to review the file to determine whether the citation was proper or whether the court had jurisdiction. This Court had already reviewed the file and issued an opinion determining that relator's "petition was properly served" and that relator's petition gave fair notice of the pleaded claims. *Elite Door & Trim I,* 355 S.W.3d at 767–68. By considering issues outside the scope of the mandate, respondent improperly exercised her discretion and went beyond her jurisdiction. *See Cessna Aircraft Co.,* 345 S.W.3d at 144; *In re Assurances Generales Banque Nationale,* 334 S.W.3d at 325. Because respondent lacked authority and jurisdiction to interpret the mandate, we conclude respondent improperly dismissed the underlying suit. We also note that respondent erroneously concluded the court lacked jurisdiction. By disregarding this Court's mandate and dismissing the underlying case at the time relator's petition for writ of mandamus was pending and this Court had asked for a response to relator's issues raised in the petition, respondent clearly abused her discretion.

We conditionally grant mandamus. *See Downey,* 842 S.W.2d at 648. Respondent is directed to vacate the order of dismissal for want of jurisdiction and to provide proof to this Court by 5:00 p.m. Monday, March 5, 2012. Further, respondent is directed to conduct a hearing on relator's application for default judgment no later than March 30, 2012 and to have the entire proceeding recorded by the court reporter.

A writ will issue only in the event respondent fails to vacate the February 16, 2012 order dismissing this case for want of jurisdiction and conduct the hearing pursuant to this Court's order.