**CONDITIONALLY GRANT; and Opinion Filed September 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00804-CV

## IN RE F.A. BROWN'S CONSTRUCTION, LLC,
## D/B/A BROWN CONSTRUCTION
## AND BROWN'S CONCRETE CONSTRUCTION, Relators

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-09249**

# MEMORANDUM OPINION
Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

Relators filed this mandamus proceeding because the trial court did not conduct further proceedings on the issue of venue in accordance with this Court's prior opinion and mandate. *See Ken-Do Contracting, L.P. v. F.A. Brown's Construction, L.L.C.*, No. 05-16-00373-CV, 2017 WL 3381105 (Tex. App.—Dallas Aug. 7, 2017, pet. denied). Relators request that we order the trial court to (1) vacate its April 3, 2018 order transferring the case to Johnson County, and (2) conduct further proceedings on the issue of venue. To obtain mandamus relief, relators must show both that the trial court abused its discretion and that it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Because we conclude that the trial court abused its discretion by failing to comply with this Court's opinion and mandate, we conditionally grant the writ.

BACKGROUND

Relators F.A. Brown's Construction, LLC d/b/a Brown Construction and Brown's Concrete Construction ("Brown") sued real party in interest Ken-Do Contracting, L.P. ("Ken-Do") for breach of contract. *See Ken-Do Contracting*, 2017 WL 3381105, at *1. Brown alleged that venue was proper in Dallas County because Ken-Do had a principal office in Dallas County. *Id.* Ken-Do filed a motion to transfer venue denying it had a principal office in Dallas County and requesting the trial court to transfer venue to Ellis County, where it did have a principal office. *Id.* The trial court denied Ken-Do's motion, and the case proceeded to a jury trial. *Id.* The trial court rendered judgment on the jury's verdict in Brown's favor, and Ken-Do appealed. *See id*. On appeal, Ken-Do challenged the trial court's ruling denying its motion to transfer venue to Ellis County. *See id*. This Court concluded (1) there was no evidence to show venue was proper in Dallas County, and (2) there was no evidence to show venue was proper in Ellis County. *See generally id.* at *2–4. Consequently, we held:

> Having concluded neither party made the necessary venue showing, we reverse the trial court's judgment and remand to the trial court to conduct further proceedings on the issue of venue.

*Id.* at *4 (citation omitted). Our mandate of April 2, 2018, ordered:

> In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court to conduct further proceedings on the issue of venue.

The following day, the trial court ordered that "this matter is TRANSFERRED to Johnson County, Texas, pursuant to the Court of Appeals, Fifth District of Texas at Dallas's Opinion of August 7, 2017." Neither party had requested transfer to Johnson County, nor did we consider whether Johnson County was a proper venue in our opinion. *See generally Ken-Do Contracting*, 2017 WL 3381105, at *1, 3 (noting only that construction work under the parties' contract was to

be performed in Johnson County). The trial court did not conduct further proceedings on the issue of venue before ordering the transfer.

Brown filed a motion to reconsider on April 12, 2018, arguing that this Court did not order the trial court to transfer venue to Johnson County or any other county. Brown also argued that venue was proper in Dallas County because the parties' contract was made in Dallas County and Brown performed the contract in part in Dallas County. Brown submitted an affidavit to support its motion, in which Thomas Brown described events relating to the contract that occurred in Dallas County. The mandamus record includes the trial court's order of May 30, 2018, denying Brown's motion to reconsider, and also includes an "Order of Dismissal for Lack of Jurisdiction" signed by the trial court on June 28, 2018. In the dismissal order, the trial court quoted this Court's April 2, 2018 mandate; stated that the April 3, 2018 transfer order "was erroneously signed"; and further recited:

- "This Court erred as a matter of law in signing its order of April 3, 2018 because the requisites of Texas Rule of Civil Procedure 87 [regarding determinations of motions to transfer] had not been followed"; but

- "this Court lost jurisdiction thirty (30) days after the signing of its Order of April 3, 2018, which erroneously transferred this case to Johnson County"; and consequently

- "Any actions taken by this Court after May 3, 2018, are a nullity and are void."

The order continued, "Any action directed toward setting aside this Court's erroneous order transferring this case to Johnson County, Texas must now be presented in the Court of Johnson County, Texas." The trial court concluded, "IT IS THEREFORE ORDERED that all matters pending before this Court dated after May 3, 2018 are DISMISSED FOR LACK OF JURISDICTION." Brown petitioned this Court for mandamus relief.

**DISCUSSION**

A mandate formally commands a lower court to obey a higher court's judgment. *See* TEX. R. APP. P. 51.1(b) ("When the trial court clerk receives the mandate, the appellate court's judgment must be enforced."). "'Upon receipt of the mandate, the trial court has no discretion to review, interpret, or enforce the mandate.'" *In re Elite Door & Trim, Inc.*, 362 S.W.3d 199, 200–01 (Tex. App.—Dallas 2012, orig. proceeding) (quoting *In re Assurances Generales Banque Nationale*, 334 S.W.3d 323, 325 (Tex. App.—Dallas 2010, orig. proceeding)). On remand, the trial court's jurisdiction is limited to the issues specified in the mandate. *Id.* at 201. The scope of the mandate is determined by referring to both the court of appeals's opinion and the mandate itself. *Id.* When the trial court fails to follow the court of appeals's mandate, a writ of mandamus is appropriate to ensure compliance with the prior judgment. *Id.*

We directed the trial court to "conduct further proceedings on the issue of venue." *Ken-Do Contracting*, 2017 WL 3381105, at *4. It did not do so. By failing to conduct further proceedings and ordering transfer to Johnson County, the trial court acted outside the scope of our mandate and improperly exercised its discretion. *See Elite Door & Trim*, 362 S.W.3d at 201.

Ken-Do concedes that the trial court did not comply with this Court's mandate.[1] It contends, however, that Brown has waived any right to mandamus relief. Ken-Do argues that Brown did not file its petition for writ of mandamus until after the trial court's plenary power had expired and the district clerk had transferred the case to Johnson County. Ken-Do contends that given these circumstances, (1) the trial court has no power to act in accordance with any writ of mandamus; (2) the trial court cannot compel the Johnson County court to transfer the case back to Dallas County; and (3) Johnson County is outside this Court's territorial jurisdiction and therefore not

---

[1] In its response to Brown's petition for writ of mandamus, Ken-Do states, "Ken-Do agrees that the trial court abused its discretion by transferring the case to Johnson County because neither party had invoked venue in Johnson County."

subject to a writ of mandamus issued by this Court. Ken-Do also argues that Brown has an adequate remedy by appeal for the trial court's sua sponte transfer of the case to Johnson County.

The timing of Brown's challenge to the trial court's transfer order, however, does not affect this Court's authority to enforce its judgments. *See In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 247–48 (Tex. 2010) (orig. proceeding) (per curiam) ("We have jurisdiction to issue writs of mandamus to enforce our orders."). In *In re Columbia Medical Center*, the court relied on *Gammell Statesman Publishing Co. v. Ben C. Jones & Co.*, 206 S.W. 931, 932–33 (Tex. Comm'n App. 1918, holding approved, judgm't adopted). In *Gammell*, the court explained:

> It is well settled that, when the jurisdiction of the Supreme Court attaches, the court has full control of the cause, and can make such orders concerning it as may be necessary to preserve the rights of the parties and enforce its mandates. Its jurisdiction continues until the case is fully determined by the court and its judgment is completely executed by the court below. For the purpose of enforcing its mandates, it may make any order, and, if necessary, may resort to the writ of mandamus or any other appropriate writ known to our system of jurisprudence.

*Id.* Similarly, this Court "may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2017) (writ power of courts of appeals).

We similarly reject Ken-Do's contention that the trial court has no power to comply with a writ of mandamus. On remand from this Court, the trial court's jurisdiction was limited to the issues specified in the mandate. *See Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.). When a trial court fails to follow an appellate court's mandate, a writ of prohibition or writ of mandamus is appropriate to ensure compliance with the court of appeals's judgment. *Elite Door & Trim*, 362 S.W.3d at 201. After an appellate court reverses the trial court's judgment and remands for the trial court to take further action, "the appellate court retains jurisdiction until that particular judgment is entered and the mandate of the appellate court is obeyed." *Cessna Aircraft Co.*, 345 S.W.3d at 144. The filing of the mandate vests

the trial court with limited jurisdiction, as defined by the parameters of the mandate, to decide those issues specified in the mandate. *Id.* Because the trial court in this case did not comply with the terms of the mandate, we retain jurisdiction to enforce it by a writ of mandamus and the trial court has the limited jurisdiction conferred by our remand to fully execute the judgment of this Court in compliance with our mandate. *See id.*; *see also Elite Door & Trim*, 362 S.W.3d at 201.

We also conclude that Brown has shown it has no adequate appellate remedy. *See In re Prudential*, 148 S.W.3d at 135–36. Although "Texas law is quite clear that venue determinations are not reviewable by mandamus," *Polaris Inv. Mgmt. Corp. v. Abascal*, 892 S.W.2d 860, 862 (Tex. 1995) (orig. proceeding) (per curiam), here Brown does not seek review of a venue determination. Instead, Brown's complaint is that the trial court did not comply with this Court's mandate. In *Orion Enterprises, Inc. v. Pope*, 927 S.W.2d 654, 660 (Tex. App.—San Antonio 1996, orig. proceeding), the court concluded that "the general rule prohibiting mandamus review of venue determinations is inapposite" where the issue was a trial court's power to reconsider a previous court's order denying motions to transfer venue. The court of appeals explained, "[t]he mere fact that an order touches upon or arises out of a venue determination does not render it immune from mandamus review." *Id.* Although Ken-Do argues that Brown may appeal any ruling made by the Johnson County court regarding venue after the case is tried there, this relief will not serve to enforce our mandate that the trial court "conduct further proceedings on the issue of venue." *Ken-Do Contracting*, 2017 WL 3381105, at *4.

## CONCLUSION

We conditionally grant mandamus. *See id.* We order the trial court to issue a written order vacating its order of April 3, 2018, within fifteen days of the date of this opinion. We further order

the trial court to conduct further proceedings on the issue of venue in accordance with this Court's mandate of April 2, 2018. A writ will issue only in the event the trial court fails to comply.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

180804F.P05