

## NUMBER 13-20-00562-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE PORT ISABEL LOGISTICAL OFFSHORE TERMINAL, INC.

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Chief Justice Contreras**

By petition for writ of mandamus, relator Port Isabel Logistical Offshore Terminal, Inc. {PILOT) argues that the trial court abused its discretion by entering an order on December 8, 2020, which is "inconsistent with a previously-affirmed judgment and not related to the singular issue for which the case [was] remanded." *See Subsea 7 Port Isabel, LLC v. Port Isabel Logistical Offshore Terminal, Inc.*, 593 S.W.3d 859, 864 (Tex. App.—Corpus Christi–Edinburg 2019, pet. denied). PILOT argues that the "trial court orally allowed the removal of improvements beyond the deadlines in the original

judgment—a ruling that exceeds the scope of this Court's mandate and violates the affirmed language in the trial court's judgment." According to PILOT, the judgment only allowed the real party in interest, Subsea 7 Port Isabel, LLC (Subsea) to remove its improvements thirty days after the judgment, or thirty days after any period it was superseded, and that period expired automatically when this Court issued its mandate, PILOT thus contends that Subsea waived its right to remove its improvements by failing to do so in a timely manner.

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).

Mandamus relief is available to enforce an appellate court's mandate. *In re Castle Tex. Prod. Ltd. P'ship*, 563 S.W.3d 216, 219 (Tex. 2018) (orig. proceeding); *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding) (stating that either mandamus or prohibition is appropriate to ensure compliance with the mandate and

opinion); *In re Elite Door & Trim, Inc.*, 362 S.W.3d 199, 201 (Tex. App.—Dallas 2012, orig. proceeding) (per curiam) (same); *see also In re K.S.*, No. 13-21-00006-CV, 2021 WL 832715, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 4, 2021, orig. proceeding) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Subsea, the reply, and the records submitted by the parties, is of the opinion that PILOT has failed to meet its burden to obtain relief. *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013); *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) (per curiam); *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.); *see also In re K.S.*, 2021 WL 832715, at *3. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
19th day of April, 2021.

3