**Affirmed as Modified and Opinion filed May 24, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00326-CV

---

## IN THE MATTER OF THE MARRIAGE OF TIMOTHY RICHARD DAY AND KELLY MARIE DAY

---

**On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 2013-71984**

---

## O P I N I O N

Appellant Timothy Day brings this restricted appeal from the trial court's final decree of divorce.[1]  Timothy contends the trial court abused its discretion in granting an award of spousal maintenance to appellee Kelly Day, his former wife, because her pleadings did not support such an award.  We hold the trial court abused its discretion by granting more relief than Kelly requested in her pleadings.

---

[1] Because the appellant and appellee share the same surname, we will refer to the appellant as Timothy and the appellee as Kelly.

We therefore sustain Timothy's sole issue on appeal, modify the trial court's decree to remove the award of spousal maintenance, and affirm the decree as modified.

## BACKGROUND

Kelly filed an original petition for divorce and served it upon Timothy.[2] Timothy did not answer or appear at the evidentiary hearing. Following Kelly's presentation of evidence, the trial court granted a default judgment against Timothy and signed the divorce decree on October 15, 2014. The decree divided the couple's community property and ordered Timothy to provide Kelly spousal maintenance in the amount of $1,333.33 per month for 60 months. *See* Tex. Fam. Code Ann. § 8.051 (West Supp. 2015). Timothy did not file any post-judgment motions, but he did file a restricted appeal prior to the six-month filing deadline.

## ANALYSIS

In his restricted appeal, Timothy raises a single issue: the trial court abused its discretion in awarding Kelly spousal maintenance because her pleadings provided no basis for such an award. A restricted appeal is a direct attack on a default judgment. *Whitaker v. Rose*, 218 S.W.3d 216, 219 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing Tex. R. App. P. 30). To succeed in a restricted appeal, Timothy must establish (1) the restricted appeal was filed within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment and did not timely file any post-judgment motions or requests for findings of fact or conclusions of law; and (4) error is apparent on the face of the record. *See In re Marriage of Butts*, 444 S.W.3d 147, 150 (Tex. App.—Houston [14th Dist.] 2014,

---

[2] Kelly filed no other motions or documents in this case; her pleadings consist solely of her original petition.

no pet.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)). Kelly challenges only the fourth element, arguing that the face of the record shows no error.

We review an award of post-divorce spousal maintenance under an abuse-of-discretion standard. *Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet denied). A trial court abuses its discretion by awarding relief to a person who has not requested such relief in a live pleading. *In re S.A.A.,* 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.). We conclude the trial court abused its discretion by awarding Kelly spousal maintenance and such error is apparent on the face of the record.

## I. Kelly's pleadings do not provide fair notice that she was seeking post-divorce spousal maintenance.

A default judgment must be supported by the pleadings. *See* Tex. R. Civ. P. 301; *see also Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex. 1979). This rule is a specific application of the more general principle that a party may not be granted relief in the absence of pleadings to support that relief, unless the request for relief is tried by consent—a situation that cannot occur in the context of a default judgment. *Stoner*, 578 S.W.2d at 682; *Maswoswe v. Nelson*, 327 S.W.3d 889, 895–96 (Tex. App.—Beaumont 2010, no pet.).[3] A party's pleadings must also be sufficient to provide the opposing party fair notice of the plaintiff's cause of action and the relief sought. *Flowers v. Flowers*, 407 S.W.3d 452, 458 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see McKnight v. Trogdon-McKnight*, 132

---

[3] The default judgment distinguishes this case from *Yasin v. Yasin*, No. 03-10-00774-CV, 2011 WL 5009895 (Tex. App.—Austin Oct. 21, 2011, no pet.) (mem. op.). There, the trial court awarded the wife temporary maintenance without objection, and the wife filed a statement of issues giving the husband fair notice that she would be requesting at trial an award of spousal maintenance for thirty-six months following the divorce. *Id.* at *6. Thus, her claim of spousal maintenance was tried by consent.

S.W.3d 126, 131 (Tex. App.—Houston [14th Dist.] 2004, no pet.). "Fair notice" exists when the opposing party can ascertain from the pleading the nature of the claims, the basic issues in controversy, and what testimony will be relevant to the claims. *Elite Door & Trim, Inc. v. Tapia,* 355 S.W.3d 757, 766 (Tex. App.—Dallas 2011, no pet.); *see Flowers*, 407 S.W.3d at 457–58 (explaining that courts liberally construe petition to contain any claims that reasonably may be inferred from the specific language used, even if an element of the claim is not specifically alleged). A judgment not supported by the pleadings is erroneous. *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex. 1983).

Kelly argues her petition gave Timothy fair notice by requesting temporary relief and referencing her need for future support. We disagree. Paragraph 16 of Kelly's petition, entitled "Request for Interim Attorney's Fees and Temporary Support," states:

> Petitioner has insufficient income for support, and Petitioner requests the Court to order Respondent to make payments for the support of Petitioner until a final decree is signed.

This language shows Kelly requested only temporary maintenance while the divorce action was pending.[4] *See Obstetrical & Gynecological Associates, P.A. v. McCoy*, 283 S.W.3d 96, 107 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (relying on plain language of petition to determine basis of plaintiff's claim); *see also Tapia*, 355 S.W.3d at 766 (determining that pleading provides fair notice when an opposing attorney of reasonable competence can ascertain nature and basic issues of the controversy). Timothy was therefore not on notice that Kelly was seeking spousal maintenance that extended after the final decree was signed.

An analogous situation arises when a plaintiff files but fails to serve on the

---

[4] The record does not show that Kelly was awarded any temporary maintenance.

defendant an amended petition seeking more onerous relief than that prayed for in a previous served petition. *See Cox v. Cox*, 298 S.W.3d 726, 733 (Tex. App.—Austin, 2009, no pet.) (reversing default judgment because wife failed to give husband fair notice that her amended petition sought permanent rather than temporary relief). "More onerous" is anything that exposes the defendant to additional liability. *Id.* at 733–34; *see also Caprock Constr. Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203, 204 (Tex. App.—Dallas 1997, no writ).

Here, Timothy did not have fair notice that he was exposed to the additional liability of post-divorce spousal maintenance because nothing in Kelly's pleadings indicated she sought such relief. By granting relief more onerous than that Kelly requested in her petition, the trial court erred, and that error is apparent on the face of the record. *See Flowers*, 407 S.W.3d at 458 (holding trial court erred in removing geographic restriction on exclusive right to determine children's primary residence because wife did not request that relief in her petition); *Binder v. Joe*, 193 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding trial court erred in granting more relief than husband requested in petition and that such error is apparent on the face of the record).

## II.    Kelly's prayer for general relief does not entitle her to relief inconsistent with her pleadings.

Kelly also argues that her prayer for general relief, together with her reference to the need for support and her request for temporary relief, entitle her to an award of spousal maintenance under the notice pleading standard used by Texas courts. Kelly relies on *Reimert v. Reimert*, which upheld a trial court's award of economic contribution when the divorce petitioner did not specifically plead for it because the petitioner's pleading contained a prayer for just and right division of the community estate as well as for general relief. No. 09-07-00418-CV, 2008 WL

4890900, at *4 (Tex. App.—Beaumont Nov. 13, 2008, no pet.) (mem. op.).

Kelly's reliance on *Reimert*, which did not involve a no-answer default judgment, is misplaced. The petitioner in *Reimert* raised two issues challenging the award of economic contribution: (1) the pleadings failed to support the claim of economic contribution, and (2) the evidence was legally and factually insufficient to support the award. *Id.* Because the petitioner raised legal and factual sufficiency challenges, the court of appeals examined the pleadings as well as the evidence offered at the evidentiary hearing. *Id.* at *3–4. The court reviewed the record and held there was legally and factually sufficient evidence to support the award of economic contribution because community assets had been used to reduce the amount of a debt secured by separate property. *Id.* at *4. The court also held that the requesting spouse's petition sufficiently raised her contribution claim by asking the trial court to "divide the estate in a manner that the court deemed just and right, as provided by law." *Id.* at *3. The court considered the finding of economic contribution to be part of the property division. *Id.* at *4.

Here, Timothy does not raise a sufficiency argument. His sole issue on appeal is that Kelly's pleadings do not support the award of spousal maintenance. The scope of our review is therefore limited to the pleadings, which consist solely of Kelly's original petition. *See Stoner*, 578 S.W.2d at 683–85 (reviewing plaintiff's pleadings and holding pleadings did not support default judgment for monetary damages). Like the petition in *Reimert*, Kelly's petition requested a division of community property. But unlike *Reimert*, which held that an award of economic contribution was sufficiently included in the requested property division, Kelly does not contend that a request for property division is sufficient to provide notice that she sought payment of spousal maintenance following the property division.

Outside the default-judgment context, some courts have held that absent special exceptions, a prayer for general relief will support an award of any relief raised by the evidence. *See, e.g., Khalaf v. Williams*, 814 S.W.2d 854, 858 (Tex. App.—Houston [1st Dist.] 1991, no writ). The relief must also be consistent with the allegations in the petition, however. *Id.*; *Hardin v. Hardin*, 161 S.W.3d 14, 24 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 885 (Tex. App.—Dallas 2009, no pet.) (holding prayer for general relief does not support award of attorney's fees); *Bufkin v. Bufkin*, 259 S.W.3d 343, 358 (Tex. App.—Dallas 2008, pet. denied) (holding prayer for general relief does not support award of common-law prejudgment interest as element of damages). We therefore consider whether Kelly's pleadings are consistent with an award of post-divorce spousal maintenance.

Other than Kelly's request for temporary support discussed above, the only arguable reference to spousal maintenance in her petition is in paragraph 10, where she asks the trial court to consider her "need for future support" as one of the "reasons" she "should be awarded a disproportionate share of the parties' [community] estate." Such a request is inconsistent with an award of post-divorce spousal maintenance. An award of post-divorce spousal maintenance is, in effect, an award of the husband's future separate property following the division of community property. *See* Tex. Fam. Code § 8.001(1) (defining maintenance as award of periodic payments from spouse's future income); *see also Sharma v. Routh*, 302 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("Whether property is separate or community is determined by its character at the inception of the party's title."). Kelly's petition asked that her need for future support be taken into account in determining her share of the community estate; there is no request for an additional award of spousal maintenance. Even under the

7

notice pleading standard used by Texas courts, we conclude the trial court had no basis in the petition for providing such relief. *See Flowers*, 407 S.W.3d at 458 ("[W]e cannot use a liberal construction of the petition to read into the petition a claim that it does not contain."); *see also King v. Lyons*, 457 S.W.3d 122, 126 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("[A] prayer for general relief . . . cannot be used to enlarge a pleading to the extent that it embraces an entirely different cause of action for which fair notice does not exist.").

We conclude the trial court abused its discretion by awarding Kelly spousal maintenance because Kelly did not request this relief in her petition. Timothy's sole issue is sustained.

## CONCLUSION

Having sustained Timothy's sole issue on appeal, we modify the final divorce decree to delete the award of spousal maintenance in the amount of $1333.33 per month for 60 months, and we affirm the decree as modified.[5]

/s/　J. Brett Busby
　　　Justice

Panel consists of Justices Christopher, McCally, and Busby.

---

[5] Although appellant requests that this Court remand the case to the trial court, we conclude affirming the trial court's final divorce decree as modified is the more appropriate remedy. *See* Tex. R. App. P. 43.3 (stating the court of appeals must generally render the judgment that the trial court should have rendered); *see also* 43.2(b) (authorizing the court of appeals to "modify the trial court's judgment and affirm it as modified"); *Garza v. Cantu*, 431 S.W.3d 96, 108–09(Tex. App.—Houston [14th Dist.] 2013, pet. denied) (looking to rules rather than prayer to determine appropriate disposition); *Coleman v. Coleman*, No. 02-09-00155-CV, 2009 WL 4755173, at *3 (Tex. App.—Fort Worth Dec. 10, 2009, no pet.) (appellant requested remand, but court of appeals rendered judgment in appellant's favor).