

# NUMBER 13-18-00160-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVIS SERNA VILLARREAL,                                        Appellant,

v.

VICTORIA HOUSING AUTHORITY,                                    Appellee.

On appeal from the County Court at Law No. 1
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Davis Serna Villarreal appeals from a default judgment entered in favor

of appellee, Victoria Housing Authority, in a suit for eviction and forcible detainer. By one

issue, Villarreal argues the county court erred when it awarded appellee unpaid rent and

attorney's fees. We affirm in part, reverse in part, render in part, and remand for further proceedings.

## I. BACKGROUND

Villarreal leased an apartment from appellee. Appellee filed a petition for eviction and a petition for forcible detainer in the justice of the peace court and argued Villarreal violated his lease agreement due to drug use at the apartment. In its petitions before the justice court, appellee indicated that it was not seeking any unpaid rent or attorney's fees, but it did pray for the recovery of court costs. Villarreal filed an answer and general denial. After a bench trial, the justice court ruled in favor of appellee, granted appellee a writ of possession, and awarded appellee court costs. Villarreal then filed a statement of inability to pay court costs or an appeal bond.

Villarreal appealed the justice of the peace court's judgment to county court for a trial de novo, *see* TEX. R. CIV. P. 510.10(c), but he failed to appear for trial. Appellee did not amend the pleadings it had filed in the justice court. Before the county court, appellee presented evidence that Villarreal was delinquent in rent. Appellee did not present any evidence in support of an award of attorney's fees. The county court entered a judgment ordering Villarreal to vacate the property and awarded appellee damages of $1,594.41 for unpaid rent and $1,700.40 for attorney's fees and costs. This appeal followed.

## II. DISCUSSION

### A. Attorney's Fees & Unpaid Rent

A default judgment must be supported by the pleadings. *See* TEX. R. CIV. P. 301; *Stoner v. Thompson*, 578 S.W.2d 679, 682–84 (Tex. 1979); *In re Marriage of Day*, 497 S.W.3d 87, 90 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). A party's pleadings

2

must be sufficient to provide the opposing party fair notice of the plaintiff's cause of action and the relief sought. *Marriage of Day*, 497 S.W.3d at 90; *Flowers v. Flowers*, 407 S.W.3d 452, 458 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "Fair notice" exists when the opposing party can ascertain from the pleading the nature of the claims, the basic issues in controversy, and what testimony will be relevant to the claims. *Marriage of Day*, 497 S.W.3d at 90; *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.—Dallas 2011, no pet); *see also Flowers*, 407 S.W.3d at 457–58 (explaining that courts liberally construe petitions to contain claims that reasonably may be inferred from the specific language used, even if an element of the claim is not specifically alleged). A judgment not supported by the pleadings is erroneous. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983); *Marriage of Day*, 497 S.W.3d at 90.

Here, appellee's petition for eviction and petition for forcible detainer did not request attorney's fees or unpaid rent. On the contrary, the petitions specifically indicated that appellee was not seeking any attorney's fees or unpaid rent, and appellee did not amend its pleadings after Villarreal's appeal to the county court. *See* Tex. R. Civ. P. 510.11. Thus, there was nothing in appellee's pleadings that gave fair notice to Villarreal that appellee was seeking the recovery of these items and that supported the award of either. *See Marriage of Day*, 497 S.W.3d at 90; *Tapia*, 355 S.W.3d at 766. Accordingly, the judgment was erroneous to the extent it awarded appellee attorney's fees and unpaid rent because those awards were not supported by the pleadings. *See Cunningham*, 660 S.W.2d at 813; *Marriage of Day*, 497 S.W.3d at 90.

Appellee argues that even if the judgment did not conform to the pleadings, its claims for attorney fees and unpaid rent were tried by consent. We disagree. Trial by

3

consent cannot occur in the context of a default judgment. *Lynch v. Lynch*, 540 S.W.3d 107, 134 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Marriage of Day*, 497 S.W.3d at 90; *see Stoner*, 578 S.W.2d at 682–83. The doctrine of trial by consent only applies when the issue is developed under circumstances indicating both parties understood the issue was in the case and the other party failed to make the appropriate complaint. *Maswoswe v. Nelson*, 327 S.W.3d 889, 895 (Tex. App.—Beaumont 2010, no pet.); *Case Corp. v. Hi–Class Bus. Sys. of Am. Inc.*, 184 S.W.3d 760, 771 (Tex. App.—Dallas 2005, pet. denied).

Here, appellee obtained a default judgment, and appellee was the only party present at the hearing. Therefore, there is nothing in the record that indicates the issue of attorney fees and unpaid rent were tried by consent. *See Stoner*, 578 S.W.2d at 682–83; *Lynch*, 540 S.W.3d at 134; *Maswoswe*, 327 S.W.3d at 895.

We sustain Villarreal's sole issue.

**B.     Court Costs**

The county court's judgment states appellees are awarded $1,700.40 "for attorney's fees and costs." Villarreal does not raise an issue on appeal regarding the award of court costs to appellee, and appellee did plead for court costs in its pleadings. However, Villarreal filed a "Statement of Inability to Afford Payment of Court Costs" after the trial at the justice of the peace court. We are unable to determine from our review of the record the amount of court costs awarded to appellee, if any. Thus, we remand for the trial court's determination of whether appellee should be awarded any court costs.

### III. CONCLUSION

We reverse the trial court's award of attorney's fees and costs and of unpaid rent, render a take nothing judgment regarding the award of attorney's fees and unpaid rent, affirm the remainder of the trial court's judgment, and remand for a determination of whether any court costs should be awarded to appellee.

DORI CONTRERAS
Chief Justice

Delivered and filed the
7th day of March, 2019.