

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00451-CV

Ceila Beatriz **GARCIA**,
Appellant

v.

Michael Anthony **BENAVIDES**,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2018-09-32349-CV
Honorable Ron Carr, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Patricia O. Alvarez, Justice
            Beth Watkins, Justice

Delivered and Filed: January 15, 2020

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED

Appellant Ceila Beatriz Garcia ("Garcia") appeals from a default decree of divorce. Because we conclude the trial court's determinations regarding conservatorship, possession and access, and child support are not supported by the pleadings or the evidence, we reverse the judgment in part as to those issues and remand to the trial court for proceedings consistent with this opinion. Because Garcia does not challenge the default decree of divorce to the extent it grants the parties a divorce and makes a division of property and debts, we affirm the judgment in all other respects.

**Background**

Garcia and appellee Michael Anthony Benavides ("Benavides") were married in 2017 and have one child together. Benavides filed a pro se petition for divorce in Uvalde County in September 2018. The clerk's record contains a sheriff's return of citation reflecting that Garcia was personally served with the original petition on September 10, 2018. The record, however, does not reflect that Garcia filed an answer. On March 22, 2019, after conducting an evidentiary hearing at which Benavides was represented by counsel, the trial court entered a default decree of divorce, stating that Garcia, "although duly and properly cited, did not appear and wholly made default." The default decree names Benavides and Garcia joint managing conservators of their child with Benavides having the exclusive right to designate the child's primary residence. The default decree also orders Garcia to pay Benavides child support in the amount of $400 per month. Garcia appeals.

**Discussion**

Although Garcia timely filed a motion for new trial, she does not challenge the trial court's order denying it. Rather, in three issues, Garcia argues the trial court abused its discretion because: (1) the default decree grants relief not pleaded for in the original petition, (2) the evidence is insufficient to support the determination of conservatorship and possession and access, and (3) the evidence is insufficient to support the child support award.

**A.      Waiver**

As an initial matter, Benavides argues Garcia waived her first and third issues by failing to raise them in her motion for new trial. A default divorce decree must be supported by the pleadings. *Lynch v. Lynch*, 540 S.W.3d 107, 134–35 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (citing TEX. R. CIV. P. 301; *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). "'This rule is a specific application of the more general principle that a party may not be granted relief in the absence of pleadings to support that relief, unless the request for relief is tried by consent—a

situation that cannot occur in the context of a default judgment.'" *Id.* (quoting *In re Marriage of Day*, 497 S.W.3d 87, 90 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)). Therefore, a challenge to the sufficiency of the pleadings may be raised for the first time on appeal. *See Day*, 497 S.W.3d at 90.

Further, although no evidence is generally required to support a default judgment, the general rule is limited in the divorce context by section 6.701 of the Family Code, which provides: "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM. CODE ANN. § 6.701; *accord Agraz v. Carnley*, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.); *Osteen v. Osteen*, 38 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2001, no pet.). In a divorce case, a petitioner is required to prove up the material allegations in the petition in order to obtain a default divorce, and a respondent may raise evidentiary challenges for the first time on appeal. *Agraz*, 143 S.W.3d at 552; *Osteen*, 38 S.W.3d at 814.

Here, because Garcia's challenges to the default decree may be raised for the first time on appeal, we conclude she has not waived them and turn to the merits.

**B.      Standard of review and analysis**

We review a trial court's decisions pertaining to conservatorship, possession and access, and child support for abuse of discretion. *In re T.K.D.-H.*, 439 S.W.3d 473, 481 (Tex. App.—San Antonio 2014, no pet.). The trial court abuses its discretion by awarding relief not supported by the pleadings or by rendering a decision without sufficient supporting evidence. *Id.*; *Day*, 497 S.W.3d at 89.

In this case, Benavides filed the original petition pro se using an internet form. Although the petition identifies the child of the marriage and requests "Legal Custody . . . if and when [Garcia] decides to cross to Mexico," it does not specifically plead for joint conservatorship or for child support. Benavides did not amend the original petition or file any additional pleadings prior

to the final hearing. At the final hearing, Benavides did not request child support or offer any evidence in support of a child support award. While Benavides did testify he was seeking joint managing conservatorship, he offered scant testimony on which the trial court could have based its decision to appoint Benavides the joint managing conservator with the exclusive right to designate the child's residence.

Accordingly, because Benavides did not plead for conservatorship or child support, nor did he present sufficient evidence upon which the trial court could have based its determinations regarding the child, we conclude the trial court erred in rendering the default decree as it pertains to conservatorship, possession and access, and child support. *See Lynch*, 540 S.W.3d at 135; *T.K.D.-H.*, 439 S.W.3d at 481.

### Conclusion

Having found the pleadings and evidence insufficient to support the default decree of divorce as it pertains to conservatorship, possession and access, and child support, we reverse the judgment in part as to those issues and remand to the trial court for proceedings consistent with this opinion. Because Garcia does not challenge the default decree as it pertains to any other issue, including the division of property, we affirm the judgment in all other respects.

Sandee Bryan Marion, Chief Justice