

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00399-CV
_____

IN THE MATTER OF THE MARRIAGE OF AMANDA MAE SANCHEZ AND CHARLES
ALEXANDER SANCHEZ AND IN THE INTEREST OF C.A.S., A CHILD

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. DC-2024-FM-0753, Honorable Stephen L. Johnson, Presiding

July 30, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In this restricted appeal, Appellant, Charles Alexander Sanchez, appeals from the trial court's default decree of divorce. Appellee is Amanda Mae Sanchez. Charles contends the court abused its discretion in dividing the community estate and determining conservatorship and possession of the parties' child, C.A.S. Amanda did not file a brief in response.

We hold the trial court committed error apparent on the face of the record. We affirm the dissolution of marriage and Appellee Amanda Mae Sanchez's name change; we reverse and remand on all other issues.

BACKGROUND

Amanda filed for divorce and suit affecting the parent-child relationship (SAPCR) in April 2024. Important to this appeal, her petition alleged no fault grounds and sought no disproportionate division of the community estate. She requested joint managing conservatorship with neither parent having the exclusive right to designate C.A.S.'s primary residence, as well as equal possession time for each parent, because a standard possession order "would be unworkable or inappropriate."

Charles was served eleven days after suit was initiated but filed no answer. At a June 10, 2024 final hearing, Charles did not appear; Amanda appeared pro se and offered brief testimony. She presented no documentary evidence and no evidence establishing the value of the parties' property or related debt. In passing, Amanda stated that Charles was convicted and imprisoned for indecency with a child.

The trial court rendered judgment and signed a form decree. Contrary to her pleadings, Amanda was awarded all real property and an automobile, along with corresponding debt, despite offering no evidence of valuation. As for C.A.S., the decree appointed Amanda both sole managing conservator *and* possessory conservator while making no conservatorship appointment for Charles. The decree states that the parents shall have possession pursuant to an attached standard possession order, but no such order was attached.

Charles filed a timely notice of restricted appeal.

**ANALYSIS**

To prevail in a restricted appeal, Charles must prove: (1) he filed notice within six months after judgment; (2) he was a party to the lawsuit; (3) he did not participate in the hearing that resulted in judgment and filed no timely post-judgment motions or requests for findings; and (4) error is apparent on the face of the record. TEX. R. APP. P. 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). When assessing error that is apparent "on the face of the record," we consider only the evidence before the trial court when it rendered judgment. *Cox v. Cox*, 298 S.W.3d 726, 732 (Tex. App.—Austin 2009, no pet.).

"In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM. CODE ANN. § 6.701. Under this statute, a petitioner must present proof supporting the material allegations notwithstanding the respondent's failure to answer. *O'Neal v. O'Neal*, 69 S.W.3d 347, 349 (Tex. App.—Eastland 2002, no pet.).

We review most family law issues under an abuse of discretion standard. *In re Marriage of Hottinger*, No. 07-20-00211-CV, 2021 Tex. App. LEXIS 7965, at *2 (Tex. App.—Amarillo Sept. 29, 2021, no pet.) (mem. op.). This includes conservatorship, possession, access, support, and division of the community estate.[1] To determine whether the court abused its discretion, we examine whether it: (1) had sufficient evidence to exercise that discretion and (2) erred in applying that discretion. *Id*. A trial court does not abuse its discretion if some evidence of substantive and probative character supports

---

[1] *See In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021) (applying abuse of discretion standard for questions regarding conservatorship, possession, and access); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam) (child support); *In re Pinkert*, No. 07-23-00309-CV, 2025 Tex. App. LEXIS 159, at *3 (Tex. App.—Amarillo Jan. 15, 2025, no pet.) (mem. op.) (division of community estate).

3

the decision. *Id*.; *In re Pinkert*, No. 07-23-00309-CV, 2025 Tex. App. LEXIS 159, at *3–4 (Tex. App.—Amarillo Jan. 15, 2025, no pet.) (mem. op.)

A. Division of the Community Estate

Charles argues the trial court abused its discretion in dividing the marital estate without evidence of property values or debt amounts. Amanda testified the parties bought the home before they were married. The only evidence relevant to dividing the marital home's value was this exchange:

> Trial Court: And who has been making the mortgage payments on that while he's been [incarcerated]–
>
> Amanda: I have been making the mortgage payments.
>
> Trial Court: Do you think it is a fair and equitable division of the property that you be awarded the property?
>
> Amanda: I do.
>
> Trial Court: Together with any debt thereon?
>
> Amanda: I do, Your Honor.
>
> Trial Court: And that each of you just keep whatever you personally have in your possession at this time together with any debts that's on that property?
>
> Amanda: I do, Your Honor.

The trial court also awarded Amanda a 2023 Lexus automobile with any remaining debt and awarded each spouse any retirement account in his or her name. No evidence was presented regarding the automobile or retirement accounts.

The court erred in awarding this property to Amanda based on the evidence at the hearing. "In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the

rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. This does not mean a precisely equal division but an equitable one. *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 207 (Tex. App.—El Paso 2003, no pet.). An unequal division requires some reasonable basis. *Id*.

Amanda's testimony that the parties bought the home before marriage suggests it may be separate property, with each spouse holding its undivided interest as tenants in common. *See Schneider v. Schneider*, No. 02-02-00075-CV, 2004 Tex. App. LEXIS 1432, at *19 (Tex. App.—Fort Worth Feb. 12, 2004, pet. dism'd) (mem. op.). A court may not divest a spouse of separate property by awarding it to the other spouse. *In re Marriage of Wells*, No. 12-21-00152-CV, 2022 Tex. App. LEXIS 6603, at *29 (Tex. App.—Tyler Aug. 30, 2022, no pet.) (mem. op.).

However, even if the home was community property, no evidence established its value. Property values are essential to determining whether the trial court made a just and right division. *In re Collier*, 419 S.W.3d 390, 402 (Tex. App.—Amarillo 2011, no pet.). Moreover, the trial court had no evidence from which to assess the value of the automobile or the retirement accounts. Because the trial court lacked sufficient evidence to make a just and right division of the community estate, its division constituted an abuse of discretion on the face of the record.

SAPCR Issues

Regarding possession and access to the child, Charles argues the trial court abused its discretion by granting Amanda more favorable relief than requested in her petition. Amanda's pleadings requested joint managing conservatorship with neither

5

parent having the exclusive right to designate the child's primary residence and equal possession time for each parent. The decree, however, appointed Amanda sole managing conservator and possessory conservator while providing Charles possession under an unattached standard possession order.

As a fundamental component of due process, a pleading gives the responding party the ability to identify the relief being requested to inform the decision of whether to contest the allegations. For this reason, a party's pleadings must support a default judgment rendered in its favor. *In re Marriage of Day*, 497 S.W.3d 87, 90 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing TEX. R. CIV. P. 301 and *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). A pleading must provide the opposing party fair notice of the cause of action and relief sought. "A judgment not supported by the pleadings is erroneous." *Id.*

Here, Charles did not have fair notice that he was exposed to the loss of parental rights to sole and possessory conservatorship because nothing in Amanda's pleadings indicated she sought such relief. Amanda's pleadings sought *joint managing conservatorship* with equal possession time for each parent, which, if granted, would have preserved Charles's parental rights and decision-making authority. Instead, the decree stripped him of conservatorship rights subject to an unattached possession order—a fundamentally different outcome that exposed Charles to far greater loss than Amanda's pleadings suggested. By granting relief more onerous than Amanda requested in her petition, the trial court erred, and that error is apparent on the face of the record. *Day*, 497 S.W.3d 87, 90–91 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Flowers v. Flowers*, 407 S.W.3d 452, 458 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

6

Because we reverse and remand for a new trial on conservatorship and possession issues, disposition of Charles's remaining issues regarding his appointment as conservator and the missing possession order is unnecessary. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Charles's appeal complains of errors that affect only part of the divorce decree. We reverse the judgment and remand for a new trial on the trial court's characterization and division of property, as well as the court's determination of possession and access to C.A.S. We affirm the remainder of the judgment, including the decree's grant of the parties' divorce and Amanda's name change.

Lawrence M. Doss
Justice